37 363
145 567

W. H. HALEY, Appellant, v. DAVID BAGLEY, Respondent.

1. *Equity—Mistake—Parties.*—In a bill in equity, brought by the purchaser of land sold under a power given by a mortgage, to correct a mistake in the mortgage deed, the mortgagee is a necessary party.

2. *Mortgage—Vendors and Purchasers.*—A purchaser buying at a sale made by virtue of a power contained in a mortgage, buys at his peril.

### Appeal from Sullivan Circuit Court.

The petition stated that defendant, by his deed of mortgage, conveyed to Charles Haley a tract of land—describing it—upon which stood a steam saw and grist mill, with boilers, machinery, &c., to secure a debt due to said Charles Haley, and that said deed contained a power of sale by said mortgagee, in default of payment. That it was intended that said deed should convey the mill, with its machinery, &c., but that by mistake, accident or fraud, the deed did not include the mill or machinery in its description. That under the power, Charles Haley sold the land, and plaintiff became the purchaser; that he was ignorant of the mistake at the time of his purchase, and prayed to correct the mistake, &c., so that the mill and machinery might be included. Charles Haley was not made a party to the suit. A demurrer was interposed, upon the grounds of defect of parties, and want of equity; which was sustained, and the plaintiff appealed.

*E. B. Ewing*, for appellant.

WAGNER, Judge, delivered the opinion of the court.

It appears from the record that Bagley, the respondent, was the owner of certain real estate in Sullivan county, and was indebted to one Charles Haley in the sum of six hundred dollars. That for the purpose of securing the payment of the money so due, he executed and delivered to the said Charles Haley a mortgage on the premises, which mortgage contained a power authorizing him to sell the same, if default was made in the payment of the debt when it matured. The money not being paid at maturity, Haley, in pursuance of the power, proceeded to advertise and sell the property, when W. H. Haley, the defendant, became the purchaser, and received a deed from the mortgagee. The mortgage was duly recorded in the Recorder's office in Sullivan county. After the sale and conveyance, it was discovered that the land was not properly and correctly described in the mortgage, and the appellant filed his petition in the Circuit Court, in the nature of a bill in equity, charging that, through accident or mistake, or the fraud of respondent, the land was misdescribed, and alleging the insolvency of the respondent; and prayed that he might be restrained by injunction from committing waste on the premises, and also that the deed of mortgage to Charles Haley be corrected and reformed.

The petition was demurred to, because there was a defect of parties, a misjoinder of actions, and a want of equity. The demurrer was sustained, and an appeal taken.

The very gist of the petition was the relief asked for in having the deed of mortgage corrected and reformed, so as to accurately describe the property. The mortgage was made to Charles Haley, and he was a necessary and indispensable party to the complete determination of the matter.

There is no doubt about the powers of a court of equity to reform instruments or agreements, to make them conform to the intention of the parties. But this interference only ex-

tends to the original parties, or those claiming under them, in privity, " such as personal representatives, heirs, devisees, legatees, assignees, voluntary grantees, or judgment creditors, or purchasers from them, with notice of the facts." (Sto. Eq. § 165.)

But by privity is here meant those claiming under the vendor. In this case there was no agreement or privity with the appellant. The mortgage was on record, and imparted full notice to him of what he was buying; the sale was open and notorious, and he bought at his peril. The allegation that he was ignorant of the mistake or misdescription at the time he purchased, will not help him.

There is no equity in the bill. Let the judgment be affimed. Judge Holmes concurs; Judge Lovelace absent.