Lorenzo Martini *vs.* Albert B. Emery.

JULY 6, 1916.

Present:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Mortgage Sales.   Constructive Notice of Defects.*

A purchaser at a mortgage sale under a power is chargeable with notice of defects and irregularities attending the sale and with knowledge as to whether proper notice was given and whether it was made at the time and in the manner required by the power; therefore, if with actual or constructive notice of the invalidity of the proposed sale, one incurs expense as a possible purchaser, he alone is responsible for such expense and for any loss in consequence.

*Semble:*   That if a mortgage contained the clause that the purchaser should not be bound to inquire into the regularity of the proceedings, he might maintain an action for damages for injuries sustained by an irregular sale.

Assumpsit.   Heard on exceptions of plaintiff and overruled.

BAKER, J.   This is an action of assumpsit.   The declaration contains three counts.   The first alleges that on the 16th day of January, 1915, for good and valuable consideration the "defendant entered into a certain promise and agreement with the said plaintiff to pay him various sums of money for certain expenditures by him incurred and for certain services performed in the sum of ($1,500.00)."   The second count includes the common counts for the same sum for (1) "goods, wares and merchandise . . . sold and delivered," (2) "for money . . . paid, laid out and expended to and for the defendant," (3) "for money . . . lent and advanced for the defendant," and (4) "for so much money for interest."   The third count alleges that the defendant was the owner of a certain mortgage on the property of one Mary F. Scanlon and her husband, situate on Wealth Avenue, in the city of Providence; that he advertised said property to be sold at public auction under the power of sale contained in said mortgage; that the plaintiff on January 16th, 1915, was present at the sale as advertised, and bid $3,525 upon the property and paid the sum of $176.25 for which he received a receipt in the following terms:

"PROVIDENCE, R. I., Jan. 16, 1915.

Received of Lorenzo Martini one hundred and seventy-six and 25/100 dollars.   Binder on purchase price of house 37 and 39 Wealth Ave., sold at auction for $3,525.00.   Bal. on delivery of deed on or before Jan. 26, as per terms of sale.

HENRY W. COOKE CO.

By H. L. Bates.

$176.25

This money given to John J. Rosenfeld, Atty."

It is further alleged that it was the duty of the defendant to convey said premises by a good and sufficient deed, but that he could not and did not do so; that the plaintiff incurred expense for the purpose of completing the transaction which he was ready to do.   These expenses are specifically stated as $99.25 paid one Antonio Corrente for commission in pro-

curing a mortgage at Peoples Savings Bank, $25 to Anthony
V. Pettine, Esquire, for legal service with reference to the
transaction, and $10 to the Title Guarantee Company of
Rhode Island for searching the title to the premises. It also
alleges that the fair value of the premises was $4,100, and
that the plaintiff had lost the difference between this amount
and $3,525, the sum bid, by the failure of the defendant to
complete the transaction; and that the defendant had refused
to return the sum of $176.25 as binding the sale.

The defendant pleaded the general issue, and specially
that the plaintiff had waived delivery of a deed under the
power of sale in said mortgage, and had agreed in lieu thereof
to receive a warranty deed of said premises from the defend-
ant, upon the latter's securing title thereto from the mort-
gagors; that the defendant did secure title thereto from
the mortgagors and tendered his warranty deed of the
premises to the plaintiff, which he refused to accept.

At the trial there was a verdict for the plaintiff for $186.82
—apparently the amount paid as binder with interest.
Certain testimony offered by the plaintiff was excluded and
to its exclusion the plaintiff excepted, and the case is before
the court on his bill of exceptions. There are three excep-
tions as follows: 1, to the exclusion of testimony offered to
show the commission paid Antonio Corrente; 2, to the
exclusion of testimony as to what was paid the Title Guar-
antee Company for searching the title; and 3, to the exclu-
sion of testimony regarding the market value of the property,
offered to show loss for failure to carry out the transaction.
The transcript of testimony asked for; allowed and produced
before us is the testimony offered and admitted in behalf of
the plaintiff at the trial and only that. It consists of the
original receipt set out in the declaration and some oral
testimony. The mortgage under which the sale was
attempted to be made, the notice of the sale by advertisement
and the conditions of sale are not any of them in evidence.
There is testimony showing a mortgage sale under a mort-
gage held by the defendant, that plaintiff was present and

paid $176.25 and received the receipt referred to. Aside from the receipt there is no evidence that the plaintiff was a bidder or a purchaser. It was testified by the attorney searching the title for the Title Guarantee Company that the deed offered was not satisfactory in that the mortgage called for the advertisement of sale for twenty days, whereas in fact it was advertised only four days and that the sale was not completed. The plaintiff testified that he held a second mortgage for $1,100 on the property in question. It does not appear what the amount of the first mortgage was.

So far as appears in defendant's brief, he does not deny, but on the contrary apparently admits that he attempted to sell under his mortgage as alleged and that he failed to do so by reason of not advertising the sale as required by the mortgage.

The only matter in question, therefore, is as to the right of the plaintiff to recover on the failure of the sale for expenditures incurred by him in preparation for the purchase, and for loss of prospective profits or gain. This necessitates an inquiry into the rights and liabilities of a purchaser of real estate at a foreclosure sale by auction under a power of sale in a mortgage.

A purchaser under a power purchases at the peril of the sale being void if a material condition precedent to the exercise of the power does not exist. A sale, without the existence of such material condition precedent is a sale not authorized by the power, and no title can pass by it. See Perry on Trusts, § 785. *Shippen* v. *Whittier*, 117 Ill. 282, 288.

(1)    In Jones on Mortgages, Vol. III, § 1913, in referring to a purchaser at a sale under a power of sale in a mortgage, the author says: "He is chargeable with notice of defects and irregularities attending the sale. He is chargeable, too, with knowledge whether proper notice of the sale was given, and whether the sale was made at the time and in the manner required by the power." This view is abundantly, and with practical uniformity, supported by the decisions of the courts. See *Cassell* v. *Ross*, 33 Ill. 244, 259; *Hamilton,*

v. *Lubukee*, 51 Ill. 415, 420; *Gunnell* v. *Cockerill*, 79 Ill. 79, 84; *Sears* v. *Livermore*, 17 Iowa, 297, 299; *Ormsby* v. *Tarascon*, 3 Littell (Ky.) 405, 410; *Pierce* v. *Grimley*, 77 Mich. 273, 280; *Haley* v. *Bagley*, 37 Mo. 363; *Stephens* v. *Clay*, 17 Col. 489, 497; *Shears* v. *The Traders Building Ass'n.*, 58 West Va. 665, 669; 27 Cyc. 1492; 28 Am. & Eng. Ency. of Law, 820. From this it necessarily follows that if with actual or constructive notice of the invalidity of the proposed sale on` account of a non-compliance with the terms of the power, one incurs expense as a possible purchaser at such sale, he alone will be résponsible for such expense and for any loss in consequence.

Had the mortgage in the present case contained the clause sometimes inserted in a mortgage declaring that the purchaser shall not be bound to inquire into the regularity of the proceedings incident to the sale, it is probable that the plaintiff could maintain an action for damages for injuries sustained by the irregular sale. 28 Am. & Eng. Ency. of Law, 821. We are not at liberty to assume that the mortgage contained the provision referred to.

The plaintiff makes certain citations from 27 Cyc. relative to the foreclosure of mortgages by judicial decree, which cannot be considered relevant or important in the present case. One citation, which upon its face might seem to be of significance is "And when he (the purchaser) is without fault, upon a resale he should be fully indemnified for all costs and expenditures incurred by reason of the first sale." 27 Cyc. 1720 and cases cited under note 22. The cases in the note are *Polhemus* v. *Princilla* (N. J. Ch. 1904), 61 Atl. 263, and *Duncan* v. *Dodd*, 2 Paige (N. Y.) 99. In the first case there was an application by a second mortgagee to open a decree of foreclosure after sale on the ground that he did not have notice of the suit until after sale. The bill had been filed by the holder of the first mortgage against the owner of the equity of redemption and others. The affidavits showed that the second mortgagee and others as owners had some time earlier sold the property for $4,500,

which included the first mortgage thereon for $2,100 and that the purchaser paid $500 in cash and gave a second mortgage of $1,900. The property brought $2,490 at the foreclosure sale and a stranger to the title purchased. The purchaser refused to take the deed because of the discovery that the sale was not advertised according to law, but the chancellor confirmed the sale and compelled her to take the deed. Owing to the litigation she got no benefit from the property. The sale was set aside and a resale ordered on condition that the second mortgagee pay to the purchaser within a time stated all the costs of the purchaser and the full amount paid by her for the property with interest, the mortgagee being treated as if he were in court on a bill to redeem.

In *Duncan* v. *Dodd, supra,* a master's sale was set aside in the interest of minor children on similar conditions.

These cases are not supportive of the plaintiff's case and he cites no others.

The plaintiff's exceptions are overruled and the case is remitted to the Superior Court for judgment on the verdict.

*Pettine & De Pasquale,* for plaintiff.

*Easton, Williams & Rosenfeld, Charles R. Easton,* for defendant.