SCHLICKENMAYER v. CITY OF HIGHLAND PARK.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—PRESUMPTION THAT DECEASED WAS IN PERFORMANCE OF DUTIES.

Nightwatchman employed by city to guard concrete mixer and other tools used in connection with improvement of street, who, while walking about in immediate vicinity of his employment, was struck by automobile and fatally injured, is presumed to have been in performance of his duties, in absence of testimony to contrary, entitling widow to award under workmen's compensation act.

Generally as to application of workmen's compensation acts to night watchman, see annotation in 6 A. L. R. 578; 13 A. L. R. 512.

Certiorari to Department of Labor and Industry. Submitted October 7, 1930. (Docket No. 13, Calendar No. 34,899.) Decided February 27, 1931.

Agnes Schlickenmayer presented her claim against the City of Highland Park for the accidental death of her husband, John J. Schlickenmayer, while in the employ of defendant. Defendant reviews an award to plaintiff by certiorari. Affirmed.

*L. J. Carey,* for plaintiff.

*Claude H. Stevens,* City Attorney, and *Earl B. Young,* Assistant City Attorney, for defendant.

Potter, J. Defendant brings certiorari to review an award to plaintiff, widow of deceased, of compensation, by the department of labor and industry. Deceased, at the time of his injury, was employed by defendant as a nightwatchman to guard a concrete mixer, keep children away from it at night, guard defendant's tools and other city property from being stolen, and take care of lanterns, all used in connection with the improvement of Oakland avenue in defendant city. Plaintiff's decedent was struck by an automobile while on Oakland avenue and so seriously injured he died in the hospital. The presumption of due care attended deceased, who was injured on Oakland avenue in the immediate vicinity of his employment. No one who saw the accident testified. *Mynning* v. *Railroad Co.,* 64 Mich. 93 (8 Am. St. Rep. 804); *Adams* v. *Iron Cliffs Co.,* 78 Mich. 271 (18 Am. St. Rep. 441); *Van Doorn* v. *Heap,* 160 Mich. 199; *Hills* v. *Blair,* 182 Mich. 20; *Baker* v. *Delano,* 191 Mich. 204; *Patterson* v. *Wagner,* 204 Mich. 593; *Gillett* v. *Michigan United Traction Co.,* 205 Mich. 410. Defendant offered tes-

timony to show the injured man, on his way to the hospital, in response to questions put to him, said he was injured by being struck by an automobile while crossing the street to get some tobacco. It contends this testimony was admissible and was sufficient to overcome the presumption of due care and show the injury to plaintiff's decedent did not arise out of and in the course of his employment. This testimony was excluded by the department of labor and industry.

The right of plaintiff to compensation was not, in his lifetime, vested in deceased. It was not the property of plaintiff's decedent. He had no interest in it. It did not pass to plaintiff from him upon his death,—it was not part of his estate. It did not come to plaintiff as an heir. It did not exist at common law. Plaintiff's right to compensation arises from the statute. Decedent's death gave rise "to a new and original cause of action or claim in favor of his widow." *Curtis* v. *Slater Construction Co.*, 202 Mich. 673. Upon the death of decedent his right to be awarded compensation ceased. Plaintiff's right to compensation is a new and original liability, cast by the statute on the employer—an additional trade risk. To be entitled to compensation it was incumbent upon plaintiff to present her claim and obtain an award by the department of labor and industry, just as a soldier's widow must present and obtain allowance of her claim to a widow's pension, to be entitled thereto. Common law rights, liabilities, remedies, and procedure are not involved. The statute deals with compensation, not damages; awards, not judgments. *Andrejwski* v. *Wolverine Coal Co.*, 182 Mich. 298 (Ann. Cas. 1916D, 724); *Mackin* v. *Detroit-Timkin Axle Co.*, 187 Mich. 8;

*Curtis* v. *Slater Construction Co., supra.* The admissions of deceased in his lifetime, if made, were not made in relation to any property of declarant in which plaintiff subsequently acquired an interest. There is no privity of interest between her and deceased. Jones Commentaries on Evidence (1st Ed.), § 239; *Kansas City Southern Ry.* v. *Leslie,* 112 Ark. 305 (167 S. W. 83, Ann. Cas. 1915B, 834); *Marks* v. *Reissinger,* 35 Cal. App. 44 (169 Pac. 243); *Dowell* v. *City of Raleigh,* 173 N. C. 197 (91 S. E. 849); *Eldridge* v. *Barton,* 232 Mass. 183 (122 N. E. 272).

"Privity denotes mutual succession or relationship to the same rights of property. Privies are those who have mutual or successive relationship to the same right of property or subject-matter, such as 'personal representatives, heirs, devisees, legatees, assignees, voluntary grantees or judgment creditors or purchasers from them with notice of the facts.' " Jones Commentaries on Evidence (1st Ed.), § 239.

See, also, Greenleaf on Evidence (16th Ed.), §§ 189, 523; Story's Equity Pleadings (8th Ed.), § 165; *Haley* v. *Bagley,* 37 Mo. 363; *Henry* v. *Woods,* 77 Mo. 277.

In *Kansas City Southern Ry.* v. *Leslie, supra,* which arose under the Federal employers' liability act, 45 USCA §§ 51–59, it was held the admissions of decedent tending to show he was injured because of his own negligence were not admissible against claimant.

"The legal rights of the heirs or representatives of a deceased person seeking to recover for his death resulting from the wrongful act of another, while growing out of the injury causing the death, are independent of that fact, and cannot be defeated or affected by anything the deceased can say or do." *Marks* v. *Reissinger, supra.*

In *Dowell* v. *City of Raleigh, supra,* a case of death by wrongful act, it is said:

"The declaration of the intestate as to the condition of the wagon was incompetent. It was not a declaration against interest, as at that time he had no interest to serve or disserve. He had no cause of action himself, as his death was instantaneous, nor did he even have any interest in this cause of action. It is one not known to the common law, but created by the statute, and the beneficiaries take, not by any inheritance or succession from him, but solely because they are named in the statute as the recipients of the fund recovered for the death caused by defendant's negligent or wrongful act. The cause of action never arose until the death of the intestate, and then not to him, but to those who are designated by the statute to take the fund recovered. They acquire their right by the statute alone and not because of any privity with the intestate, for none such exists between them, in any proper sense of that term."

In *Eldridge* v. *Barton, supra,* suit was brought both under the death act and the survival act. It is said:

"On the counts for death however the plaintiff is not acting in the interest of the estate of Barzillai Eldridge. The damages recovered thereunder would not be assets of the estate in the hands of the administrator, but would be in the nature of a fine which the State imposes upon one whose negligence caused the death of the intestate and which is given as a gratuity to the next of kin. * * * In the present action these next of kin are not in privity with, nor claiming under the intestate; and hence the admission made by him does not bind the plaintiff administrator so far as he is suing for their benefit."

The award of the department of labor and industry is affirmed, with costs.

McDONALD, J., concurred with POTTER, J.

NORTH, J. (*concurring in affirmance*). I concur in affirming the award on the ground that, regardless of the admissibility of declarations of plaintiff's decedent, the record is ample to sustain the commissioners' finding, which, in part, is as follows:

"He (plaintiff's decedent) was simply walking about in the immediate vicinity of his employment. He was hit by an automobile, a hazard of his employment, while on the street at the immediate place of his employment. Then how can it be said, simply because at that time he might have been temporarily on a mission of his own of this character that he did not receive an injury arising out of and in the course of his employment? To deny compensation for such a reason would be to place a construction upon this language of the statute so strict that it would be shocking to one's sense of justice. He was not in the store but on the street, his place of employment, when injured."

The foregoing might be amplified by noting that deceased at the time of the accident was within such a distance from the machinery and lamps which it was his duty to watch that he might well have been and presumably was in the performance of the duties for which he was employed. There is no direct testimony to the contrary, and none of a circumstantial nature which is at all persuasive. The finding of the commission to that effect is binding upon us.

Decision in the instant case does not necessitate determination of the admissibility of decedent's statements either as *res gestæ* or as declarations against interest.

BUTZEL, C. J., and WIEST, CLARK, SHARPE, and FEAD, JJ., concurred with NORTH, J.