## ROMANIUK v. LOCKE, Deputy Commissioner.

District Court, S. D. New York.
Nov. 23, 1932.

Blum & Jolles, of New York City, for plaintiff.

U. S. Atty., for defendant.

CAFFEY, District Judge.

The complaint does not directly allege that the claim was filed within a year after the date of death. In the eighth paragraph it is alleged that the claim was filed "timely under the statute"; but obviously that is a mere conclusion. On the other hand, an exhibit—whose recitals may be considered (Nauvoo v. Ritter, 97 U. S. 389, 24 L. Ed. 1050; Everglades Drainage League v. Napoleon B. Broward Drainage District [D. C.] 253 F. 246, 251)—shows unequivocally that the claim was not filed during the year. This exhibit says that the filing was not "until about fifteen months following the date of death."

The statute (33 USCA § 913) provides that "the right to compensation for death shall be barred unless a claim therefor is filed within one year after the death." In dealing with other statutes substantially identical in effect it has been held, uniformly so far as I can discover, that it is a part of the cause of action to file within the time prescribed, and that failure to do so is fatal to recovery. The Harrisburg, 119 U. S. 199, 214, 7 S. Ct. 140, 30 L. Ed. 358; United States, ex rel. Louisville Cement Co. v. Interstate Com. Commission, 246 U. S. 638, 642, 38 S. Ct. 408, 62 L. Ed. 914; William Danzer & Co. v. Gulf & S. I. R. Co., 268 U. S. 633, 636, 45 S. Ct. 612, 69 L. Ed. 1126; Engel v. Davenport, 271 U. S. 33, 38, 46 S. Ct. 410, 70 L. Ed. 813. See, also, Petition of Clinchfield Nav. Co., 26 F. (2d) 290, per Thacher, J., in this court; Eberhart v. United States (C. C. A.) 204 F. 884, 890, 891; American R. Co. of Porto Rico v. Coronas (C. C. A.) 230 F. 545, 546, L. R. A. 1916E, 1095; Denver & R. G. R. Co. v. United States (C. C. A.) 241 F. 614, 617; Rogulj v. Alaska Gastineau Mining Co. (C. C. A.) 288 F. 549, 550, 551; Bell v. Wabash R. Co. (C. C. A.) 58 F.(2d) 569, 571.

Section 913 specifies several things which may postpone the date for filing. None of these is alleged. The burden is on the plaintiff to show that the filing was within the prescribed time. Cf. Coronas Case, supra, at page 546 of 230 F. If, therefore, any of the statutory excuses for delay existed, that must affirmatively appear in order for the complaint to state a cause of action.

The exhibit to the complaint discloses that a claim had been previously filed with the New York state department of labor. It is not clear what happened to it. As the present motion is made under Equity Rule 29 (28 USCA § 723), consideration is confined to the face of the pleadings. It was said at the oral argument, and is repeated in the plaintiff's brief, however, that the matter was pending before the state authorities until shortly prior to the filing with the defendant. Assuming that there was dismissal by the state within less than a year before the filing with the defendant, I do not think that helps the plaintiff. Within the meaning of subdivision (d) of section 913, it seems to me plain that the state proceeding was not "a suit brought at law or in admiralty."

One sympathizes with the position in which the plaintiff now finds herself. Nevertheless, the court feels that it lacks power to assist her, because the statute is mandatory.

Motion granted, with leave to amend the complaint within twenty days after service of a copy of the order hereon.

Settle order on two days' notice.