## AYERS v. PARKER et al.

No. 2116.

District Court, D. Maryland.

June 17, 1936.

six, husband of claimant, was working as a machinist helper aboard the dredge Corozal, which lay at the repairyard of his employer, the Arundel Corporation, in the Patapsco river, Baltimore Harbor. After Ayers had worked several hours, he complained of being ill of indigestion, was brought ashore, given medical aid at the company's dispensary, became unconscious and died shortly thereafter. Since the sole basis of the Deputy Commissioner's rejection of the claim as hereinafter shown was a jurisdictional one, he did not hear the case on the merits, although it may be stated parenthetically that it is the employer's contention that the deceased died of angina pectoris, and not as a result of any accidental injury or occupational disease arising out of and in the course of his employment; whereas claimant's contention is that death was brought about by inhalation of ammonia fumes.

The Deputy Commissioner rejected the claim on the ground that it was not filed within one year after date of death as required by subsections (a) and (b) of section 13 of the act, and that it did not fall within the exceptions provided in subsections (c) and (d) of the same section (33 U.S.C.A. § 913 (a–d). These four subsections are as follows:

"(a) The right to compensation for disability under this chapter shall be barred unless a claim therefor is ·filed within one year after 'the injury, and the right to compensation for death shall be barred unless a claim therefor is filed within one year after the death, except that if payment of compensation has been made without an award on account of such injury or death a claim may be filed within one year after the date of the last payment. Such claim shall be filed with the deputy commissioner in the compensation district in which such·injury or such death occurred.

"(b) Notwithstanding the provisions of subdivision (a) failure to file a claim within the period prescribed in such subdivision shall not be a bar to such right unless objection to such failure is made at the first hearing of such claim in which all parties in interest are given reasonable notice and opportunity to be heard.

"(c) If a person who is entitled to compensation under this chapter is mentally incompetent or a minor, the provisions of subdivision (a) shall not be applicable so long as such person has no guardian or other authorized representative, but shall be ap-

Stuart M. Yeatman, of Baltimore, Md., for claimant.

Bernard J. Flynn, U. S. Atty., and T. Barton Harrington, Asst. U. S. Atty., both of Baltimore, Md., for E. V. Parker.

C. Damer McKenrick (of Bartlett, Poe & Claggett), of Baltimore, Md., for Arundel Corporation and United Fidelity & Guaranty Co.

COLEMAN, District Judge.

This is an appeal from a decision of the Deputy Commissioner under the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. §§ 901–950) by which the appellant's claim for compensation under that act on account of the death of her husband was rejected.

The undisputed material ·facts as found by the Deputy Commissioner are as follows: On August 21, 1931, John Ayers, age fifty-

plicable in the case of a person who is mentally incompetent or a minor from the date of appointment of such guardian or other representative, or in the case of a minor, if no guardian is appointed before he becomes of age, from the date he becomes of age.

"(d) Where recovery is denied to any person, in a suit brought at law or in admiralty to recover damages in respect of injury or death, on the ground that such person was an employee and that the defendant was an employer within the meaning of this chapter and that such employer had secured compensation to such employee under this chapter, the limitation of time prescribed in subdivision (a) shall begin to run only from the date of termination of such suit."

It is undisputed, as appears from the findings of fact by the Deputy Commissioner with respect to the filing of the present claim, that it was not filed with the Deputy Commissioner, nor was any information given to him, verbally or otherwise of any kind, respecting this claim, until October 29, 1935. However, on November 4, 1931, the present claimant, the widow, filed a claim for compensation with the State Industrial Accident Commission of Maryland which, after hearing in due course, was rejected, the commission disclaiming jurisdiction. Thereupon, an appeal was taken to the superior court of Baltimore City, and after a trial before a jury, the action of the State Industrial Accident Commission was reversed on March 16, 1934, from which an appeal was taken by the insurance carrier, the United States Fidelity & Guaranty Company, to the Court of Appeals of Maryland. That court, in an opinion filed November 22, 1934, reversed the decision of the lower court, holding that the locus of the alleged accident being navigable water, jurisdiction was exclusively federal, and that, therefore, the state commission could not consider the claim. Arundel Corporation et al. v. Carrie Ayers, 167 Md. 569, 175 A. 586. On October 29, 1935, the present claim, as above stated, was for the first time filed with the Deputy Commissioner.

It will be seen from the provisions of the act above quoted that claims of this kind are absolutely outlawed if not filed within one year after the death, unless one of the following four situations exists: (1) Payment of compensation has been made without an award on account of the death, in which case a claim may be filed within one year after the date of the last payment; (2) objection to the failure to file the claim within the prescribed one year has not been made at the first hearing of the claim with respect to which all parties in interest are given reasonable notice and opportunity to be heard; (3) mental incompetency or minority on the part of claimant, in which cases the limitation is tolled until a guardian or other representative is appointed for, or until majority is attained by, the claimant; and (4) claimant has brought suit at law or in admiralty to recover damages on account of the injury, and recovery therein has been denied on the ground that the deceased was an employee and that his employer, against whom recovery was sought, were both within the jurisdiction of the act and that his employer had complied with the requirements of the act with respect to insurance, in which case the limitation period does not begin to run until the date of the termination of such suit.

It is conceded that the present claim does not come within the first, second, or third of the above exceptions. Claimant contends that it does, however, come within the fourth exception, at least if a liberal construction is given to the phraseology by which that exception is expressed. In short, claimant contends that the litigation carried on before the state commission and in the state courts was a suit at law; that the object of such suit was the recovery of compensation in the nature of damages because of the death of claimant's husband; that recovery of such damages was ultimately denied by the state court on the ground that such recovery, if allowable at all, was a matter of federal and not state jurisdiction which, it is contended, was tantamount to saying, using the precise language of subsection (d) of section 13 of the act (33 U.S.C.A. § 913 (d), that recovery was denied "on the ground that such person was an employee and that the defendant was an employer within the meaning of this chapter and that such employer had secured compensation to such employee under this chapter," because that is in essence the only reason why the state court rejected the claim, namely, because employer and employee, with respect to the occurrence of the accident alleged to have caused the latter's death, were exclusively within the provisions of the Longshoremen's & Harbor Workers' Compensation Act, the employer having been at

450

the time protected by insurance in accordance with this act, against liability for such death; that is to say, that "such employer had secured compensation to such employee" under the act.

■ Admittedly the equities of the case appear to be strongly in favor of the claimant because it does seem harsh that she should be penalized to the extent of being forever barred from now prosecuting her claim in the proper tribunal merely because upon advice of counsel she saw fit to submit her claim first to the judgment of the state tribunals among which, as the chronological statement above given of the course of the litigation in these tribunals shows, there was divergence of opinion, although from the locus and character of the employment of the deceased the fact that the case was one exclusively for federal jurisdiction seems to have been quite clear. The lapse of time not only bars the remedy but also destroys the liability. Upon the exhaustion of the one year period, it is as if liability had never existed. William Danzer & Co. v. Gulf Railway Co., 268 U.S. 633, 45 S.Ct. 612, 69 L.Ed. 1126. Furthermore, it is argued that we are dealing with remedial legislation which should be liberally construed. As a general proposition, this is true. See De Wald v. Baltimore & Ohio Railroad Co. (C.C.A.) 71 F.(2d) 810. The Longshoremen's & Harbor Workers' Compensation Act was designed to accomplish the same general purpose as the workmen's compensation laws of the various states and is constitutional. Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598. In limiting the application of the act to cases where recovery "through workmen's compensation proceedings may not validly be provided by State law" (section 3 [33 U.S.C.A. § 903]), Congress did so because of limitations placed by the Supreme Court upon the scope of the exclusive authority of the national Legislature. Southern Pacific Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086, L.R.A.1918C, 451, Ann. Cas.1917E, 900; Knickerbocker Ice Co. v. Stewart, 253 U.S. 149, 40 S.Ct. 438, 64 L.Ed. 834, 11 A.L.R. 1145; Washington v. Dawson & Co., 264 U.S. 219, 44 S.Ct. 302, 68 L.Ed. 646; Robins Dry Dock & Repair Co. v. Dahl, 266 U.S. 449, 45 S.Ct. 157, 69 L.Ed. 372.

■ None of these considerations, however, meets the precise question here presented which is essentially one of statutory construction and summarized somewhat more briefly, may be again thus stated: Is the liberal construction of section 13 (d) of the act now contended for by claimant permitted by any reasonable interpretation of the language employed or by the intent which lies behind that language? We believe that this question must be answered in the negative because the litigation in the state courts cannot, we think, by any reasonable construction be treated as a "suit at law to recover damages," since it was a suit to recover a statutory allowance and the two are not the same. It is true that while the State Industrial Accident Commission of Maryland is not a court and therefore is not clothed with judicial power (Solvuca v. Ryan & Reilly Co., 131 Md. 265, 101 A. 710; Mattare v. Cunningham, 148 Md. 309, 129 A. 654; Branch v. Indemnity Ins. Co., 156 Md. 482, 144 A. 696), nevertheless the court proceeding which followed claimant's action before the commission was a "suit," albeit it was a proceeding in the nature of an appeal from a nonjudicial body (see section 56, article 101, Bagby's Code of Maryland), but it was not a "suit to recover damages" as that phrase is generally understood in the law and as we must, therefore, assume it to have been used in the act now before us. The distinction is inherent in the difference between the basis for a suit for damages and a claim under a compensation law. As was said in Erie R. Co. v. Linnekogel (C.C.A.) 248 F. 389, at page 392: "It is the essential nature of any compensation act that it does not depend upon or is not invoked as the result of an act of negligence. What is assured to the workman thereby is not compensatory damages for a tort, but a species of insurance against hurts received in the line of occupation without (perhaps) anybody's fault." Similarly, in Duart v. Simmons, 231 Mass. 313, at page 319, 121 N.E. 10, 13, it was said: "The word 'compensation' in the connection in which it is used in the act [Massachusetts Workmen's Compensation Act], means the money relief afforded according to the scale established and for the persons designated by the act, and not the compensatory damages recoverable in an action at law for a wrong done or contract broken." The distinction has been especially well defined in Schlickenmayer v. Highland Park, 253 Mich. 265, at page 267, 235 N.W. 156,

where the court said: "Common-law rights, liabilities, remedies, and procedure are not involved. The statute [Workmen's Compensation Act of Michigan] deals with compensation, not damages; awards, not judgments." See, also, Andrejwski v. Wolverine Coal Co., 182 Mich. 298, 148 N.W. 684, Ann.Cas.1916D, 724; State v. Industrial Commission, 110 Ohio St. 271, 143 N.E. 574.

In the present case jurisdiction over the claim was denied by the Court of Appeals of Maryland and also by the State Industrial Accident Commission solely upon the ground that the matter was one exclusively for federal cognizance and therefore these tribunals did not attempt to decide, because not called upon to do so, what was the proper or the sole federal forum, that is, whether the deceased and his employer were subject to the operation of the Longshoremen's & Harbor Workers' Compensation Act under which the latter carried the requisite insurance. No mention is made of this act in any of the state proceedings. But even were the contrary true, it would make no difference because, as just explained, these prior proceedings were not a suit at law for damages. A consideration of the kind of suits contemplated by section 13 (d) of the act makes it all the more certain that claims for compensation were not intended to be embraced therein. The suits that clearly fall within the language and intent of section 13 (d) may be broadly classified as those suits which have been erroneously brought under another federal statute and then dismissed on the ground that the Longshoremen's & Harbor Workers' Compensation Act was applicable and afforded the exclusive remedy. For example, such would be a suit for damages brought under the Federal Employers' Liability Act. 45 U.S.C.A. §§ 51–59. See Nogueira v. New York, N. H. & H. R. Co., 281 U.S. 128, 50 S.Ct. 303, 74 L.Ed. 754; and a suit brought under the Suits in Admiralty Act, otherwise known as the Jones Act, § 33 (48 U.S.C.A. § 688). See De Wald v. Baltimore & Ohio Railroad Co., supra. In short, the type of suit clearly contemplated by section 13 (d) is that brought on the mistaken theory that the Longshoremen's & Harbor Workers' Compensation Act did not provide coverage for the injury or death in question, claimant, or deceased on behalf of whose representatives the suit is brought, taking the view that the status of the injured or the deceased removed him from the operation of the act. For example, the act, section 3 (33 U.S.C.A. § 903), provides no coverage in respect of the disability or death of "a master or member of a crew of any vessel." Whether one is a member of a crew may often be a close factual question. See De Wald v. Baltimore & Ohio Railroad Co., supra. In such a case mistake in the election of the proper form of remedy would come directly under the exception of section 13 (d) and toll the running of the statute. Similarly, the locus of the accident may give rise to jurisdictional questions; as, for example, is a marine railway a drydock (the latter being included in the coverage of the act, section 3)? See Continental Casualty Co. v. Lawson (C.C.A.) 64 F.(2d) 802; Norton v. Vesta Coal Co. (C.C.A.) 63 F.(2d) 165, certiorari dismissed 291 U.S. 641, 54 S.Ct. 376, 78 L.Ed. 1039. Presumably, there is another class of cases which is embraced in section 13 (d), namely, suits at law or admiralty for damages on account of the injury or death brought through a mistaken idea that the employer sued has failed to carry the insurance required by the act, because, if there has been such failure, by section 5 of the act (33 U.S.C.A. § 905), the employee or his legal representative in case of death may, at his election, "maintain an action at law or in admiralty for damages on account of such injury or death," but otherwise by this section, the liability imposed upon the employer by the act is expressly made exclusive of all other liability in all situations embraced in the coverage section of the act (section 3, 33 U.S.C.A. § 903).

This precise question appears not to have been heretofore decided, at least in any reported decision. In Romaniuk v. Locke (D.C.) 3 F.Supp. 529, an unappealed decision in the Southern District of New York, a somewhat, but not precisely analogous situation was presented. There, a claim had been previously filed with the New York State Department of Labor and was not filed under the Longshoremen's & Harbor Workers' Act until after the one year period had elapsed. The court said, 3 F.Supp. 529, at page 530, "Assuming that there was dismissal by the state within less than a year before the filing with the defendant [Deputy

Commissioner under the Longshoremen's Act], I do not think that helps the plaintiff. Within the meaning of subdivision (d) of section 913, it seems to me plain that the state proceeding was not 'a suit brought at law or in admiralty.'

"One sympathizes with the position in which the plaintiff now finds herself. Nevertheless, the court feels that it lacks power to assist her, because the statute is mandatory."

Had there been an appeal to the courts in the Romaniuk Case as there was in the present case, we believe that on the reasoning of the court therein a similar conclusion would have been required. In short, if one seeks to distinguish the Romaniuk Case on the ground that there the proceedings never advanced or attained to the dignity of litigation in a court of record, we can only repeat that this is immaterial because what starts as a claim for compensation always remains the same and being such, as we have seen, cannot be treated as a suit for damages because of the inherent legal distinction between the two.

■ It is permissible to resort to Committee reports and explanatory statements of members of Congress made in presenting a bill for passage, as an aid to the interpretation of a statute if its language is doubtful or obscure; such being admissible, however, only to resolve the doubt and not to create it. Railroad Commission of Wisconsin v. Chicago, B. & Q. Railway Co., 257 U.S. 563, 42 S.Ct. 232, 66 L.Ed. 371, 22 A.L.R. 1086; Duplex Printing Co. v. Deering, 254 U.S. 443, 41 S.Ct. 172, 65 L.Ed. 349, 16 A.L.R. 196. Unfortunately, little aid of this sort is to be found with respect to that part of the Longshoremen's & Harbor Workers' Compensation Act now under review. It is significant, however, that while the act was being discussed in hearings before a subcommittee of the Committee on the Judiciary of the Senate, section 29, which ultimately became section 13 with which we are now concerned, contained the following clause which was later eliminated after objection: "The deputy commissioner, with the approval of the commission, may allow proceedings to be instituted after the time limited in this section, if it appears that the delay was not due to the fault of the petitioner and that the party defendant has not been prej-

udiced by such delay." See Report of Hearings before a subcommittee of the Committee on the Judiciary, United States Senate, Sixty-ninth Congress, First Session on S. 3170, March 16 and April 2, 1926.

■ It has been suggested that the employer in the present case is prevented from pleading laches on the part of its employee because of its own failure to comply with section 30 of the act (33 U.S.C.A. § 930) which requires all employers to make a detailed report to the commission and Deputy Commissioner within ten days of the date of any injury to or death of employees, subjecting the employer to a civil penalty not exceeding $500 for every failure or refusal so to do; whereas in the present case no report was actually filed by the employer until November 7, 1935.

There is no merit in this suggestion because conceding, without deciding, that the employer should have made the requisite report, reserving for future determination the question as to whether the injury or death did in fact fall within the coverage of the act, nevertheless section 30 is entirely separate and distinct from section 13. Furthermore, if, in fact, an injury or death is not within the coverage of the act, no later act of omission or commission on the part of employer or employee can remove this bar to recovery for want of jurisdiction.

■ Finally, it may be noted that it is unfortunate that the Congress did not employ language in section 13 (d) broad enough to include cases of evident hardship such as the present one where the mistake has occurred in entire good faith, but the answer to this is twofold, in so far as courts are concerned: First, courts are forbidden by judicial legislation to change what has been enacted, regardless of any apparent need for such change; and, second, in cases where there is entertained any doubt as to the proper forum, the risk of being cut off by the rather drastic limitation provisions of the Longshoremen's & Harbor Workers' Compensation Act may easily be overcome by filing a claim with the Deputy Commissioner within the one year period simultaneously with prosecuting the claim in accordance with state law.

For the above reasons, since we find that the present claim cannot be brought

within any exception contained in section 13 of the act, and since the statutory limitation of one year therein provided is otherwise inflexible and mandatory, the action of the Deputy Commissioner must be affirmed.