258

## QUAKER CITY CONTRACTING CO., Inc., et al. v. NORTON, Deputy Com'r et al.

### No. 9991.

District Court, E. D. Pennsylvania.

Nov. 14, 1938.

Allen Gray Clark, of Philadelphia, Pa. for plaintiffs.

Howard M. Long, of Philadelphia, Pa., for defendant Mincey Doll.

J. Cullen Ganey, U. S. Atty., of Bethlehem, Pa., and J. B. Rettew, Jr., Asst. U. S. Atty., of Philadelphia, Pa., for defendant Norton.

KIRKPATRICK, District Judge.

Doll was a stevedore in the employ of the plaintiff, Quaker City Contracting Company, Inc. On April 25, 1934, in the course of his employment, while engaged in loading a ship belonging to Scott Paper Company, he was injured by the fall of a gangplank.

On July 19, 1934, he brought a suit in admiralty against Scott to recover damages for his injury. Scott promptly brought in Quaker City under Admiralty Rule 56, 28 U.S.C.A. following section 723. Quaker City filed an answer in which it denied all liability except under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., and averred its readiness to pay compensation and medical expenses.

It appears from the opinion of the District Court in the admiralty suit that Doll's counsel conceded before that Court that Quaker City was not liable to him in that form of action. Referring to this, the District Court said, "We can safely accept his analysis of the case."

Doll lost his case against Scott before the District Court, and appealed. Quaker City did not file a brief before the Circuit Court of Appeals, but that Court ordered a reargument and directed Quaker City to appear. After reargument, the Circuit Court of Appeals held that Quaker City was exempt from liability in tort under Sec. 905 of Title 33 of the Code. 33 U.S.C.A. § 905. The Circuit Court also found that Quaker City did not fail to secure payment of compensation, but it "is liable under the above act" (referring to the Longshoremen's and Harbor Workers' Compensation Act).

The plaintiff in this bill for an injunction against Doll and the Deputy Commissioner relies upon Sec. 913, which bars the right to compensation unless the claim therefore is filed within one year after the injury. The compensation claim which the Deputy Commissioner allowed and which is the subject of this proceeding was filed shortly after the termination of the admiralty suit, much more than a year after the injury.

Quaker City is willing to concede that subsection (f) of Section 933 might operate, by implication, to keep a compensation claim alive until a reasonable time after the final determination of the suit against the third party in admiralty, but contends that subsection (f) does not apply to this case because of the failure of Doll to notify the Commission of his election to bring a third party suit, prior to the institution of that suit, as required in subsection (f) and also in subsection (a).

It is unnecessary to determine the question so raised, because, in my judgment, subsection (d) of Section 913 has the effect, in this case, of postponing the time when the limitation begins to run to the date of the determination of the third party suit in admiralty against Scott. That subsection provides, "Where recovery is denied to any person, in a suit brought at law or in admiralty to recover damages in respect of injury or death, on the ground that such person was an employee and that the defendant was an employer within the meaning of this chapter and that such

employer had secured compensation to such employee under this chapter, the limitation of time prescribed in subdivision (a) shall begin to run only from the date of termination of such suit."

The only reason that can be suggested why this does not apply is that Doll did not sue his employer directly in the admiralty suit, but the employer was impleaded by the original respondent under the admiralty rule. To so hold would, it seems to me, be adopting a strained and technical construction of the statute in order to defeat the compensation claim. The fact is that in the admiralty suit recovery was denied to Doll against Quaker City on the ground that Quaker City was an employer and had secured compensation.

I am aware that Judge Coleman, in Ayers v. Parker, D.C., 15 F.Supp. 447, said that [page 451] " * * * the type of suit clearly contemplated by section 13(d) is that brought on the mistaken theory that the Longshoremen's & Harbor Workers' Compensation Act did not provide coverage for the injury or death in question, claimant or deceased on behalf of whose representative the suit is brought, taking the view that the status of the injured or the deceased removed him from the operation of the act." That statement, however, was not necessary to the decision of the case, because the point upon which it was decided was that a proceeding under the Maryland Workmen's Compensation Law was not "a 'suit at law to recover damages.' "

The language of Section 913(d) was quite broad enough to cover every case where a suit in admiralty to recover damages with respect to the injury has been brought and recovery against the employer denied, even though the employer was brought into the suit by a third party. No consideration of policy or of protection of employers' rights makes it necessary to read into the act, to the derogation of the rights of the employee, the provision that the suit must have been brought by the employee himself. The employer had exactly the same notice, and the same opportunity to produce evidence to shift the liability to the third party and so protect his right of set-off in respect of compensation payments as provided in Section 933(f), whether he was made an original defendant or was brought into the case by the original defendant.

The bill may be dismissed.