ASSOCIATED INDEMNITY CORPORA-
TION et al. v. PILLSBURY, Deputy
Com'r, U. S. Employees Compensation
Commission et al.

No. 10807.

Circuit Court of Appeals, Ninth Circuit.

Feb. 7, 1945.

S. S. Tipton, of Los Angeles, Cal., and
W. N. Mullen, of San Francisco, Cal., for
appellants.

Charles H. Carr, U. S. Atty., Ronald
Walker, Clyde C. Downing, and Ernest A.
Tolin, Asst. U. S. Attys., all of Los An-
geles, Cal., for appellee Warren H. Pills-
bury.

A. A. Goldstone, of Los Angeles, Cal.,
and Wm. P. Lord, of Portland, Or., for ap-
pellee Albert V. Steffen.

Before MATHEWS, HEALY, and
BONE, Circuit Judges.

HEALY, Circuit Judge.

In February of 1938 appellee Steffen
sustained an injury compensable under the
Longshoremen's and Harbor Workers'
Compensation Act, 33 U.S.C.A. § 901 et
seq. Although disabled for a few days
Steffen shortly resumed work and contin-
ued regularly in his employment until Au-
gust 5, 1938, on which date he became to-
tally disabled in consequence of the injury.
The disability persisted up to the time of
the filing of his claim for compensation on
January 20, 1941. No compensation ap-
pears to have been paid him in the interim.

The question is whether the claim was
barred under section 13(a) of the Act, 33
U.S.C.A. § 913(a), because not filed within
one year after the injury. The Deputy
Commissioner found that the employer had
knowledge of the injury at the time of its
occurrence but had made no report there-
of as required by section 30(a) of the
Act.[1] He was of opinion that the amend-
ment of June 25, 1938, 52 Stat. 1167, ap-
plied, hence the claim was not barred.
Compensation was accordingly awarded.
The case duly found its way into the Dis-
trict Court, where the order of the Deputy
Commissioner was sustained. The em-
ployer and its carrier appeal.

By the amendment of June 25, 1938,
Congress added to section 30 of the Act an
additional subdivision, now section 30(f),
33 U.S.C.A. § 930(f). This provides that
where the employer or the carrier has
knowledge of an injury and fails to file a
report thereof as required by subdivision
(a) of section 30, "the limitations in subdi-
vision (a) of section 913 of this chapter
shall not begin to run against the claim of
the injured employee * * * until such
report shall have been furnished * * *."

This amendment became effective well
within the period of one year after Stef-
fen's injury. Appellants contend that the
amendment was not intended by the law-
makers to be applicable in a case involving
a previous injury; it was to operate, they
say, prospectively only. Neither the lan-
guage nor the object of the amendment
supports the contention. The change ef-
fected by Congress related purely to a
matter of administration. The employer

---

[1] This subdivision requires the employ-
er to report injuries to the Commission
within ten days of their occurrence.
Certain information must accompany the
report.

already rested under the statutory duty to report injuries. Congress appears to have intended giving employers an additional incentive for obeying the statutory mandate. Cf. Ayers v. Parker, D.C., 15 F.Supp. 447, 452. It is reasonable to assume that the legislators were as much concerned with current as with prospective disobedience. In this instance the employer might at any time have started the time limit to run against the claim by the simple expedient of discharging an existing obligation to report.

Whether the amendment governs in cases where the time limit had expired prior to its adoption is a question of no present concern.

Affirmed.