426 P.2d 637

**In the Matter of the ESTATE of C. H. TRIGG, also known as Clarence H. Trigg, Deceased.**

**Marjorie H. Trigg BERGMAN, Appellant,**
**v.**
**Donald H. TRIGG, Helen Gardner Cypert, and Laura Lee Trigg, Appellees.**
**No. 8815-PR.**

Supreme Court of Arizona.
In Banc.
April 13, 1967.

Westover, Keddie & Choules, Yuma, for appellant.

Brandt & Baker and Benton & Case, Yuma, for appellees.

STRUCKMEYER, Justice.

This case is before us on a petition for review of the Court of Appeals' opinion reversing a judgment of the Superior Court of Yuma County, Arizona, denying the petition of Marjorie H. Trigg Bergman for letters of administration on the estate of C. H. Trigg, deceased. In re Estate of Trigg, 3 Ariz.App. 385, 414 P.2d 988. We accepted review. After examining the rec-

ord, we have reached the conclusion that the judgment of reversal in the Court of Appeals was proper.

The facts are set forth in detail in the Court of Appeals' opinion and, being voluminous, need not be fully restated here. Briefly, the trial court found, among other things, that decedent and appellant soon after becoming acquainted entered into a meretricious relationship, but that on May 26, 1960, in Florida, decedent stated to several close friends and relatives of appellant that he planned to marry her and informed appellant that he would obtain a marriage license; that on May 28, 1960, decedent "by false and fraudulent representation" caused appellant to "stand with him before an unknown person in an unknown church and go through a mock wedding ceremony"; that following the ceremony decedent told other persons that he had married appellant and the marriage was consummated by cohabitation in Florida that night. The evidence is uncontradicted that thereafter decedent introduced appellant as his wife to hundreds of people both in Arizona and elsewhere and signed and acknowledged deeds, mortgages, insurance applications and income tax returns, and consummated many business documents as husband and wife.

■ The findings of the court and the uncontradicted testimony of cohabitation are sufficient to establish a common-law marriage in Florida. Orr v. State, 129 Fla. 398, 176 So. 510; Catlett v. Chestnut, 107 Fla. 498, 146 So. 241, 91 A.L.R. 212. A marriage valid where made is valid in Arizona. A.R.S. § 25–112, subsec. A; Roy v. Industrial Commission, 97 Ariz. 98, 397 P. 2d 211.

■ Ostensibly all of the elements of a common-law marriage were present. The trial court, however, found that there was no assent on the part of the decedent because he had no intention of contracting a common-law marriage. The Court of Appeals properly disposed of this finding by pointing out that mental reservations and secret intentions of a party to a contract do not affect its validity. See Societe Cotonniere Du Tonkin v. United States, 171 F. Supp. 951, 145 Ct.Cl. 426, and Preston v. Howell, 219 Iowa 230, 257 N.W. 415, 97 A.L.R. 1140.

■ When one, by his acts or representations, induces another to believe that certain facts exist and the other acts thereon, the former will be estopped from denying such facts. Unruh v. Industrial Commission, 81 Ariz. 118, 301 P.2d 1029. Privity exists between an ancestor and his heirs, next of kin, devisees, legatees, and personal representative. Schlickenmayer v. City of Highland Parks, 253 Mich. 265, 235 N.W. 156. These persons are bound by the estoppel existing against the ancestor.

The trial court, in its written opinion, after pointing out certain facts, stated:

"From these facts the court can only conclude the contestant had no intention of entering into a valid binding marriage with the deceased."

If, by this statement, the trial court referred to the "mock ceremony", the conclusion is immaterial to the decision that there was a common-law marriage. If the trial court was referring to a possible common-law marriage, it finds no support whatsoever in the evidence. All of appellant's actions from the time of the "mock marriage" were completely consistent with an assumption by her of the marital relationship.

We express reservations as to that portion of the opinion of the Court of Appeals when applied to the facts of this case which holds that the marriage was a valid *ceremonial* marriage because when a marriage has been celebrated, all of the acts necessary to its validity will be presumed to have been in order.

It is ordered that mandate issue from the Court of Appeals.

BERNSTEIN, C. J., McFARLAND, V. C. J., and UDALL and LOCKWOOD, JJ., concur.