643 P.2d 1014

**Hildegarde R. STEVENSON, Petitioner/Appellant,**

v.

**Richard Eldon STEVENSON, Respondent/Appellee.**

No. 15535–PR.

Supreme Court of Arizona, En Banc.

April 12, 1982.

Fish, Briney, Duffield, Miller, Young & Adamson by Richard Duffield, Tucson, for petitioner/appellant.

Ronald W. Sommer, Tucson, for respondent/appellee.

HOLOHAN, Chief Justice.

This case arises out of a dissolution of the parties' marriage and concerns the proprie-

---

ty of the trial court's division of certain property held in the joint names of the parties. The trial court found that the parties' residence and four checking and savings accounts were common property. The court ordered that the house be sold and the proceeds and the joint accounts be divided equally.

The wife appealed, contending that the trial court erred in awarding appellee husband an interest in the home, in the joint accounts, and in 100 shares of stock held in joint tenancy with right of survivorship. She also contested the order that she pay spousal maintenance to appellee husband, who is terminally ill with amyotrophic lateral sclerosis, commonly called "Lou Gehrig's disease." In a memorandum decision, 2 CA–CIV 3912 (filed May 4, 1981), the court of appeals affirmed the trial court's disposition of the house and the stock and the spousal maintenance award. However, relying upon *O'Hair v. O'Hair*, 109 Ariz. 236, 508 P.2d 66 (1973), the court of appeals found that the joint accounts were the separate property of appellant wife. The appellate court modified the judgment to show that all the funds in the joint savings accounts were appellant's separate property.

We granted review to examine the issue related to the disposition of the joint savings account. We approve and accept the decision of the court of appeals on all the other issues, but that part of the decision of the court of appeals dealing with the joint savings accounts is vacated.

The facts necessary to the decision will be viewed in the light most favorable to supporting the trial court's judgment. *Mecham v. United Bank of Arizona*, 107 Ariz. 437, 489 P.2d 247 (1971). The parties were married in 1965, and shortly thereafter they moved into a house in California which was appellant wife's separate property. In 1969, she executed a deed of gift granting the house to appellee husband but reserving to herself a life estate and the right to revoke the deed. In 1974, appellant took $9,000 from her separate savings account and bought a lot in Green Valley, Arizona;

the deed to the lot was taken in the names of both parties as joint tenants with right of survivorship. In 1975, appellant sold the house in California and placed the proceeds in a joint passbook account at Pima Savings and Loan Association. With funds from this account, she paid the balance due on the house which was built on the Green Valley lot, purchased home furnishings, made home improvements, and purchased 100 shares of stock in San Diego Gas & Electric Company which were issued in the names of both parties as joint tenants with right of survivorship. At the time of trial, the parties also had two additional joint tenancy accounts at Pima Savings: one contained $10,000 from a matured certificate of deposit taken in joint tenancy with right of survivorship and purchased with funds from the joint passbook account mentioned above; the other contained $3,954.84, representing accumulated interest on the certificate of deposit. The trial court ordered that the Green Valley home be sold and one-half the proceeds distributed to each party, holding that appellant wife had failed to rebut the presumption of a gift of one-half the property to appellee which arose because she took title to the real property in their joint names. *Becchelli v. Becchelli*, 109 Ariz. 229, 508 P.2d 59 (1973); *Blaine v. Blaine*, 63 Ariz. 100, 159 P.2d 786 (1945). The trial court also found that the stock and the savings accounts were jointly owned.

A.R.S. § 25–318(A) controls the trial court's division of the property of the parties upon dissolution of their marriage. The court must assign each party's separate property to that party. "It shall also divide the community, joint tenancy and other property held in common equitably, though not necessarily in kind, without regard to marital misconduct."

In 1973 this court decided two cases concerning the effect of one spouse's putting property acquired with that spouse's funds into the names of both spouses jointly. In *Becchelli v. Becchelli*, 109 Ariz. 229, 508 P.2d 59 (1973), we held that when real property is paid for by one spouse and tak-

en jointly in both spouses' names, a rebuttable presumption arises that the contributing spouse has made a gift of one-half the property to the other spouse. The contributing spouse bears the burden of proof otherwise. However, in *O'Hair v. O'Hair*, 109 Ariz. 236, 508 P.2d 66 (1973), we held that no such presumption of gift arises when a spouse deposits separate property funds in a joint bank account. Rather, the extent of the non-contributing spouse's interest is determined from the intention of the depositor to make a gift or to enter into joint tenancy for other purposes. The terms of the contract of deposit are nevertheless conclusive as between the bank and the depositor. *See* A.R.S. §§ 14–6102, 6103, 6108, 6109.

Petitioner husband here urges this court to reconsider its decision in *O'Hair v. O'Hair, supra*. He contends that the doctrinal basis for the *O'Hair* decision is questionable, arguing that there is no logical reason to hold that the relationship between spouses justifies a presumption of gift when realty is placed in joint tenancy but does not justify any such presumption when money is placed in a joint tenancy account. He quotes *Grant v. Grant*, 119 Ariz. 470, 472, 581 P.2d 704, 706 (App.1978), in which Judge Ogg wrote:

> We find it difficult to reason why there is a presumption of a gift when one spouse places separate real property in a joint tenancy while there is no presumption of a gift when a spouse places separate personal property in the form of cash into a joint bank account.

Whatever criticism may be directed at the *O'Hair* decision is now moot because the legislature has by statute adopted essentially the rule on joint accounts stated in *O'Hair*. A.R.S. § 14–6103(A) provides: "A joint account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent." The statute does not except from its provisions accounts between husband and wife, so we must conclude that there is no presumption of gift merely because one spouse places funds in a joint account with the other spouse. Unlike the situation in real property where there is a presumption of gift, the legislature has placed the burden on the one claiming a gift to establish that fact by clear and convincing evidence.

■ Neither party requested the trial court to make findings of fact and conclusions of law. Thus, on appeal the court must assume that the trial court found every fact necessary to support its judgment and must affirm if any reasonable construction of the evidence justifies the decision. *Neal v. Neal*, 116 Ariz. 590, 570 P.2d 758 (1977). To sustain the trial court's disposition of the amounts in the joint accounts there must have been sufficient evidence to satisfy the clear and convincing standard. Whether evidence is sufficient to be clear and convincing is for the trial court and its findings will not be disturbed unless as a matter of law no one could reasonably find the evidence to be clear and convincing. *Murillo v. Hernandez*, 79 Ariz. 1, 281 P.2d 786 (1955); *Groth v. Martel*, 126 Ariz. 102, 612 P.2d 1065 (App.1979).

■ The evidence presented to the trial court was conflicting. The appellant wife denied that she intended to make a gift of the funds deposited in the joint accounts. The appellee husband maintained that the parties always pooled their resources and considered the funds and other property to be "ours" rather than either party's separate property. The history of how the parties handled various funds and transactions throughout their married life was shown by the evidence. There was evidence which supports the position of the appellee husband, and we are unable to say as a matter of law that such evidence was less than clear and convincing. Accordingly, the judgment of the superior court is affirmed.

GORDON, V. C. J., HAYS, CAMERON, and FELDMAN, JJ., concur.