NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

LAURIE ARORA, *Petitioner/Appellant,*

*v.*

RAJEEV ARORA, *Respondent/Appellee.*

No. 1 CA-CV 16-0354 FC
FILED 3-7-2017

Appeal from the Superior Court in Maricopa County
No. FC2015-051095
The Honorable Roy C. Whitehead, Judge

**AFFIRMED**

COUNSEL

Burt Feldman & Grenier, Scottsdale
By Mary K. Grenier
*Counsel for Petitioner/Appellant*

Owens & Perkins, PC, Scottsdale
By Max Nicholas Hanson
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge James P. Beene joined.

---

**D O W N I E**, Judge:

**¶1**　　　　Laurie Arora ("Wife") appeals from a decree of dissolution, challenging the amount and duration of spousal maintenance awarded her by the superior court. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**　　　　Wife and Rajeev Arora ("Husband") divorced in April 2016 after 23 years of marriage. The parties were able to resolve all issues pre-trial except for spousal maintenance and attorneys' fees.

**¶3**　　　　At trial, Wife testified that physical limitations prevent her from working full time, and she requested spousal maintenance of $4500 or $5000 per month for eight years. Husband disputed Wife's entitlement to spousal maintenance and challenged the reasonableness of her claimed monthly expenses. The superior court awarded Wife spousal maintenance of $3000 per month for four years.

**¶4**　　　　Wife timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

**¶5**　　　　We review an award of spousal maintenance for abuse of discretion. *Leathers v. Leathers*, 216 Ariz. 374, 376, ¶ 9 (App. 2007). We view the evidence in the light most favorable to sustaining the superior court's award and will affirm if there is any reasonable evidence to support it. *Id.*[1]

---

[1]　　　Wife suggests we must consider *de novo* whether the court erroneously applied the statutory factors in setting the amount and duration of the award. We disagree. The court's balancing of the statutory factors is a matter within its substantial discretion, and we apply a deferential standard of review to that assessment. *See Rainwater v. Rainwater*, 177 Ariz. 500, 502 (App. 1993).

¶6 The superior court found that Wife was entitled to spousal maintenance because she "lack[ed] sufficient property to support herself." The court did not find that Wife cannot be self-sufficient through appropriate employment. *See* A.R.S. § 25-319(A) (identifying four statutory grounds for spousal maintenance award).

¶7 A spousal maintenance order "shall be in an amount and for a period of time as the court deems just." A.R.S. § 25-319(B). In setting the amount and duration of an award, the court is to consider "all relevant factors," including 13 specifically enumerated factors. *Id.* Although the superior court made specific findings regarding each statutory factor, Wife contends it failed to properly consider evidence of physical limitations that prevent full-time employment and asserts that the court's findings do not comport with the ultimate award. We conclude otherwise.

¶8 Wife has a Bachelor of Science degree in physical therapy and is licensed to practice in Arizona. At the time of trial, she was employed as a physical therapist, earning $40 per hour. Wife testified at one point that she was working "anywhere from 24 to 30 hours" per week, but later testified she was working 20–25 hours per week.[2] Wife testified she was not working additional hours because she was only certified by a few insurance companies and could not treat all of her employer's patients. She explained that insurance companies require physical therapists to complete a credentialing process before treating their insureds. Wife testified she was completing the credentialing process to increase her patient load, and her goal was to work 32 hours per week; on an annualized basis, she would then be earning more than $5500 per month.

¶9 Wife testified she does not believe she can work full time in her current occupation because she experiences pain, tingling, and numbness in her arm, back, and leg, and these symptoms worsen when she works long hours. In its ruling, the court noted that Wife has limited earning potential in her current occupation.

¶10 Wife maintains the court erred in applying its findings because she works only 20–24 hours per week, and her income is thus $3500 per month, not $5000. But the record contains evidence that Wife was

---

[2] Wife's February 2016 Affidavit of Financial Information ("AFI") is also inconsistent — stating in one place that she works 25–32 hours per week and in another that she works 20–32 hours each week. Additionally, contrary to her trial testimony, Wife's AFI reflects that she has a gross monthly income of $5200.

working up to 32 hours per week at the time of trial. Moreover, as discussed, Wife testified she worked reduced hours because she was still undergoing the credentialing process and claimed she intended to work 32 hours per week upon attaining those credentials. There was no evidence Wife is physically unable to work 32 hours per week.

¶11 We also reject Wife's assertion that the court erred by not taking into account the time she would need to change to a less physically demanding career. The court clearly considered that evidence, as it noted twice in its findings that Wife had considered returning to school to obtain an advanced degree that would allow her to be employed in a less physically demanding field. The court also found that four years of maintenance "will allow Wife the time that she needs to secure additional employment and arrange for any training she needs to secure appropriate employment."

¶12 Although reasonable minds might differ regarding the amount and duration of the award, "[a] difference in judicial opinion is not synonymous with 'abuse of discretion.'" *Quigley v. City Court*, 132 Ariz. 35, 37 (App. 1982); *see also Stevenson v. Stevenson*, 132 Ariz. 44, 46 (1982) (appellate court will affirm spousal maintenance award if any reasonable construction of the evidence justifies it). The superior court properly considered the A.R.S. § 25-319(B) factors, and its rulings are supported by competent evidence. *Leathers*, 216 Ariz. at 376, ¶ 9.

**CONCLUSION**

¶13 For the foregoing reasons, we affirm the spousal maintenance award. Husband requests an award of attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324. In the exercise of our discretion, we deny his

request. Husband, however, is entitled to recover his taxable costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA