NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

KARYN MCCREARY, *Petitioner/Appellant/Cross-Appellee*,

*v.*

ROBIN D. SILVER, *Respondent/Appellee/Cross-Appellant*.

No. 1 CA-CV 16-0203 FC
FILED 11-9-2017

Appeal from the Superior Court in Coconino County
No. S0300DO201400462
The Honorable Elaine Fridlund-Horne, Judge

**AFFIRMED**

COUNSEL

Warner Angle Hallam Jackson & Formanek PLC, Phoenix
By Erik C. Bergstrom
*Counsel for Petitioner/Appellant/Cross-Appellee*

Aspey, Watkins & Diesel, PLLC, Flagstaff
By Zachary J. Markham, Edward J. Walneck, John W. Carlson
*Counsel for Respondent/Appellee/Cross-Appellant*

_____

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge Kent E. Cattani joined.

_____

**H O W E**, Judge:

**¶1**          Karyn McCreary ("Wife") appeals from the decree of dissolution ending her marriage to Robin D. Silver ("Husband"). Husband cross-appeals. Both parties challenge the property division in the decree. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**          Husband and Wife were married in 2001 and have two children. In 2014, Wife filed for divorce. Six months later, the parties entered into an agreement regarding legal decision-making and parenting time pursuant to Arizona Rule of Family Law Procedure ("Rule") 69, which the family court adopted. Thereafter, the family court held a trial to address the contested issues, including property division. The following is a description of each asset at issue in this appeal.

### 1. Real Property

**¶3**          The real property division dispute revolves around two separate homes. In 1983, Husband purchased the first home in Phoenix (the "Phoenix Home") with his own funds as his sole property. After the parties married in 2001, they began living together in the Phoenix Home in June 2001. In November 2002, Husband titled the Phoenix Home as community property with right of survivorship. During the marriage, the parties used funds from a joint checking account to pay the Phoenix Home's mortgage. In 2008, Husband and Wife purchased a second home in Flagstaff, Arizona (the "Flagstaff Home"), which they also titled as community property with right of survivorship. A significant portion of the funds used to purchase the Flagstaff Home came from Husband's sole and separate inheritance and investment accounts.

**¶4**          At trial, Husband testified that he never intended to gift the Phoenix Home to Wife. Conversely, Wife testified that both parties had "lengthy discussions about making [the Phoenix Home] our home." As for the Flagstaff Home, Husband testified that he intended the community to reimburse him for the separate funds used to purchase the house. Wife

testified that the parties "bought the house together as a home" and that Husband never communicated to her an expectation of repayment.

### 2. Wells Fargo Account

¶5        A Wells Fargo account ending in 4660 (the "Wells Fargo Account") was a brokerage account that contained Husband's pre-marriage sole and separate savings. After they married, Husband added Wife's name to the account as a joint tenant with right of survivorship. Wife testified at trial that the parties agreed that the account "was going to be our savings account." Husband testified that he added Wife's name upon the advice of his financial advisor only to create a survivorship right and that he did not intend to make a gift of the property to Wife.

### 3. Airline Miles

¶6        During the marriage, the parties maintained an Alaskan Airlines joint credit card that accumulated airline miles. In her pretrial statement, Wife requested that the court award her all of the airline miles, but Husband did not discuss the miles in his pretrial statement. At trial, Wife again requested that she receive the airline miles and that Husband receive the rewards from their other credit cards.

### 4. Family Court Distribution of Property

¶7        Before dividing the assets, the court discussed "equitable division" and cited to *In re Marriage of Flower*, 223 Ariz. 531 (App. 2010). The family court awarded both homes to Husband and directed Husband to make an equalization payment of $295,223 to Wife. The court also awarded Husband (1) all airline miles as part of his share of the community property and (2) the Wells Fargo Account as his sole and separate property. The court found that Husband did not rebut the presumption of a gift of the homes with clear and convincing evidence. After finding that the homes were community assets, the court divided the value in the homes equally. In addition to the real property's value, the court took into consideration other factors to arrive at a $295,223 equalization amount. First, the court found that $25,000 had been deposited into the Wells Fargo Account and that those funds were community property. Next, the court found that the $25,000 placed into the account offset any separate interest Husband had in the Toyota Highlander valued at $29,177; thus, Husband was not entitled to any reimbursement for the purchase of the Highlander. Thereafter, the court awarded Wife the Highlander.

¶8        Wife timely appealed from the decree, and Husband timely cross-appealed. Husband moved to dismiss Wife's appeal for lack of jurisdiction arguing that Wife did not timely appeal. This Court considered and denied Husband's motion to dismiss.[1]

## DISCUSSION

¶9        In a dissolution proceeding, the family court has broad discretion to divide the community property equitably. *See Boncoskey v. Boncoskey*, 216 Ariz. 448, 451 ¶ 13 (App. 2007*)*. We will not disturb the court's allocation absent an abuse of discretion. *See id.* We view the facts "in the light most favorable to supporting" the decree. *Stevenson v. Stevenson*, 132 Ariz. 44, 45 (1982). Here, neither party requested findings of fact and conclusions of law under Rule 82. *See* Ariz. R. Fam. Law P. 82. Accordingly, we assume the court "found every fact necessary to support its judgment and must affirm if any reasonable construction of the evidence justifies the decision." *Stevenson*, 132 Ariz. at 46.

### 1. Real Property

¶10        Husband argues that the family court failed to recognize the two homes as his sole and separate property. "[A] presumed gift occurs" when one spouse places his or her separate real property in joint tenancy or titles it as community property with right of survivorship. *Valladee v. Valladee*, 149 Ariz. 304, 307 (App. 1986); *see also Flower*, 223 Ariz. at 535 ¶ 15 ("[A] presumption exists that the contributing spouse intended to make a gift to the other spouse of a one-half interest in the property."). This presumption can be overcome only "by clear and convincing evidence to the contrary" and not simply by one spouse's "after-the-fact testimony that the property was placed in joint tenancy only as a means of avoiding probate." *Valladee*, 149 Ariz. at 307. Similarly, the gift presumption will not be overcome by "testimony of the hidden intentions of one of the parties," but only by evidence of a "common understanding or an agreement that the character of the property was to be other than joint tenancy." *Id.*

---

[1]        Husband reiterates his argument from his motion to dismiss that this Court does not have jurisdiction because Wife did not timely file her notice of appeal. This Court, however, previously considered and denied Husband's motion to dismiss Wife's appeal for lack of jurisdiction and will not revisit the issue.

¶11　　　　Under A.R.S. § 25–318(A), the family court must make an equitable distribution of all "community, joint tenancy and other property held in common." Accordingly, all community property, whether gifted or otherwise, must be divided equitably. *See Toth v. Toth*, 190 Ariz. 218, 221 (1997). The family court may not make a substantially unequal division "solely for the purpose of reimbursing one of the parties for expending his or her separate funds to initially acquire the property." *Whitmore v. Mitchell*, 152 Ariz. 425, 427 (App. 1987).

¶12　　　　Here, because both homes were titled as community property, the family court properly presumed that Husband gifted Wife a one-half interest in the properties. *See Flower*, 223 Ariz. at 535 ¶ 15. In its ruling, the court acknowledged the applicable Arizona law and concluded that Husband failed to rebut the gift presumption with clear and convincing evidence. After determining that both homes were community assets, the court properly divided the value in the homes equitably. Thus, the family court did not abuse its discretion either by determining that the homes were community property or by its division of those properties.

¶13　　　　Alternatively, Husband argues that even if the homes were community property, the family court erred by dividing them equally because "the particular facts in this case warranted an unequal division of the properties in Husband's favor." Husband relies on *Flower*, in which this Court held that "[a] determination of what constitutes an equitable division of marital property must include consideration of contributions made by each spouse to the community, in whatever form." *Id.* at 537 ¶ 22. In *Flower*, the parties were married for one year, and during that time the husband retitled his home as community property with right of survivorship. *Id.* at 533 ¶¶ 2, 4. Thereafter, the parties took out a home equity loan and used the funds to improve a second home owned by wife as her sole and separate property. *Id.* ¶ 3. At dissolution, the trial court recognized that "equal was not equitable" and awarded the husband a disproportionate share of the jointly-titled home. *Id.* at 536 ¶ 20. This Court affirmed concluding that the trial court had acted within its discretion. *Id.* at 537 ¶ 21. The ruling here acknowledged the *Flower* holding and reflected consideration of Husband's contribution to the Phoenix and Flagstaff Homes. No more is required. Accordingly,the family court did not abuse its discretion.

## 2. Wells Fargo Account

¶14　　　　Wife argues that the family court erred by awarding the Wells Fargo Account to Husband as his sole and separate property because "[t]he account was indisputably joint tenancy property, and thus was required to

be divided equally." Unlike the transfer of real property, the transfer of separate funds into a joint bank account does not create the presumption of a gift. *See Stevenson*, 132 Ariz. at 46; *Neely v. Neely*, 115 Ariz. 47, 51 (App. 1977) ("[T]he form of a bank account is not regarded as sufficient to establish the intent of the depositor to give another a joint interest in or ownership of the deposit.").

¶15        Here, the Wells Fargo Account contained Husband's pre-marriage sole and separate savings, and he later added Wife's name to the account as a joint tenant with right of survivorship after their marriage. Because this transfer did not involve real property, no presumption of a gift existed. At trial, the parties gave conflicting testimony concerning whether Husband intended to make a gift of the property to Wife. "Our duty on review does not include re-weighing conflicting evidence." *Hurd v. Hurd*, 223 Ariz. 48, 52 ¶ 16 (App. 2009). Viewing the evidence in the light most favorable to upholding the family court's determination, the family court acted well within its discretion by determining that the Wells Fargo Account was Husband's sole and separate property. Accordingly, we affirm the court's ruling.

### 3. Airline Miles

¶16        Wife contends that the family court erred by awarding Husband all of the airline miles accrued during the marriage through a joint credit card. She argues that Husband waived his claim to the miles by not requesting them in his pretrial statement. Additionally, she argues that the court failed to explain "how such a division was fair and equitable." Because Wife failed to request findings of fact and conclusions of law, she has waived the latter argument on appeal. *See Nia v. Nia*, 242 Ariz. 419, 425 ¶ 26 (App. 2017). The family court is obligated to divide all identified community property "equitably, though not necessarily in kind." A.R.S. § 25–318(A). The court cannot ignore its obligation "simply because one spouse failed to list the property as a contested issue" in his or her pretrial statement. *Nold v. Nold*, 232 Ariz. 270, 274 ¶ 20 (App. 2013).

¶17        Here, Wife addressed the airline miles both in her pretrial statement and her testimony at trial. Accordingly, the family court properly considered the airline miles in dividing the community property. Thus, the family court did not abuse its discretion by awarding the airline miles to Husband.

### 4. Equalization Payment

**¶18** Wife next argues that the family court erred by calculating the equalization payment incorrectly. Specifically, she contends that the court "intended to offset the $29,177.00 value of the Toyota Highlander awarded to [her] against $25,000.00 in community funds that Husband deposited" into the Wells Fargo Account, but that the equalization calculation does not reflect that intent. Because neither party requested findings of fact, we presume that the court found all facts necessary to support the property division "if the evidence on any reasonable construction justified it." *Neal v. Neal*, 116 Ariz. 590, 592 (1977).

**¶19** The family court found that $25,000 was deposited into the Wells Fargo Account and that the money was later used to purchase the Highlander. As such, the $25,000 that was originally in the Wells Fargo Account was transferred into the value of the Highlander. Because Wife was awarded the Highlander, a community asset, the family court properly included the Highlander in Wife's column of the equalization payment calculation. Husband's $25,000 was not included in his column of the equalization payment calculation because he no longer possessed that money. Additionally, the record reflects that the community withdrew significantly more money from the Wells Fargo Account during the marriage than it deposited into that account. Accordingly, the family court did not abuse its discretion with its calculation of the equalization payment owed to Wife.

### CONCLUSION

**¶20** For the foregoing reasons, we affirm the property division set forth in the decree. Both parties requested attorneys' fees on appeal pursuant to A.R.S. § 25–324. In our discretion, we deny their requests and order each party to bear his or her own fees on appeal. Because neither party prevailed on the issues he or she raised on appeal, we decline to award costs to either party.

