NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

DONELLE C. WHEELER, *Petitioner/Appellant,*

*v.*

ERNIE A. JONES, *Respondent/Appellee.*

No. 1 CA-CV 19-0578 FC
FILED 9-3-2020

Appeal from the Superior Court in Maricopa County
No. FC2013-005208
The Honorable Michael C. Blair, Judge

**VACATED AND REMANDED**

COUNSEL

Pangerl Law Firm, P.L.L.C., Phoenix
By Regina M. Pangerl
*Counsel for Petitioner/Appellant*

Ernie A. Jones, Litchfield Park
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge David B. Gass and Judge Michael J. Brown joined.

---

**P E R K I N S**, Judge:

¶1            Donelle C. Wheeler ("Mother") appeals the denial of her petition to modify legal decision-making authority and parenting time orders and the attorneys' fees award. For the following reasons, we vacate the order denying Mother's petition and remand.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2            Mother and Ernie A. Jones ("Father") lived together for several years and have two children, M.J., born in 2004, and J.J., born in 2007. In January 2013, after the parties separated, Mother petitioned to establish sole legal decision-making authority, parenting time, and child support. Father filed a report with the entity now known as Department of Child Safety ("DCS") accusing Mother of abusing the children. In September 2013, the superior court awarded Father emergency temporary sole legal decision-making authority and ordered Mother to have supervised parenting time "as outlined by [DCS]."

¶3            At the temporary orders hearing in November 2013, the superior court found that Father failed to submit to a court-ordered drug test and admitted he would have tested positive for marijuana. The court also noted that DCS had closed its investigation of Mother and no evidence supported continuing supervised parenting time. The court ordered temporary joint legal decision-making authority, but based on Father's substance abuse problem, the court awarded Mother primary physical custody of the children, ordered Father to participate in the Family Drug Court program, and appointed a court-appointed advisor ("CAA"). The court also appointed a best interests attorney ("BIA") for the children. Father successfully completed all Family Drug Court requirements and was later released from the program.

¶4            In preparing a report for trial, the BIA became concerned that Mother was abusing M.J. and contacted DCS. As a result, DCS placed M.J. with Father. In October 2014, following a trial, the superior court awarded

Father sole legal decision-making authority and primary physical custody, and granted Mother unsupervised parenting time with J.J. every other weekend and Wednesday evenings. In its October 2014 Final Paternity Orders ("2014 Order") the court granted Mother supervised parenting time with M.J. until "DCS opines that unsupervised visitation is appropriate" and when that occurred, Mother would have unsupervised parenting time with both children every other weekend and one evening a week.

¶5        Mother filed her first petition to modify legal decision-making authority and parenting time in May 2016. The superior court held an evidentiary hearing in December 2016 and found no material change of circumstances since the prior order. Mother filed a second petition to modify in May 2017. The court held another evidentiary hearing and again, found no material change of circumstances affecting the children's best interests and denied the motion in October 2017.

¶6        In May 2018, Mother filed a third petition to modify, accompanied by a motion for an ex parte temporary order to grant Mother physical custody and sole legal decision-making authority. Mother alleged that Father hit J.J. causing visible bruising and provided a police report of the incident. The court ordered Father to appear and respond to the motion for temporary orders. Mother retained counsel and amended both petitions to include more detailed factual allegations. After an evidentiary hearing, the superior court declined to issue modified temporary orders. The court twice ordered Father to submit to a random drug test based on Mother's allegation that he was using marijuana, but Father never did so.

¶7        The superior court held further evidentiary hearings on Mother's amended petition to modify but found no material change of circumstances and denied the petition. Specifically, the court found DCS did not substantiate the allegation that Father abused J.J. in May 2018 and the Phoenix Police did not file any charges against Father. The court awarded Mother $2500 in attorneys' fees because Father has greater financial resources and acted unreasonably by disregarding the drug test orders. Mother filed a timely notice of appeal, and we have jurisdiction under A.R.S. section 12-2101(A)(1).

**DISCUSSION**

I.    Change in Circumstances

¶8        When considering a petition to modify legal decision-making authority and parenting time orders, the superior court engages in a two-step analysis by determining (1) whether a change in circumstances

occurred that materially affects the children's welfare, and, if so, (2) whether the children's best interests requires a change in custody. *Christopher K. v. Markaa S.*, 233 Ariz. 297, 300, ¶ 15 (App. 2013) (citation omitted). We review modification of legal decision-making authority and parenting time orders for an abuse of discretion. *Baker v. Meyer*, 237 Ariz. 112, 116, ¶ 10 (App. 2015). "The [superior] court has broad discretion in determining changed circumstances." *Canty v. Canty*, 178 Ariz. 443, 448 (App. 1994). We "must affirm if any reasonable construction of the evidence justifies the decision." *Stevenson v. Stevenson*, 132 Ariz. 44, 46 (1982). We may only infer findings of fact and conclusions of law supporting the trial court's order if "those findings are reasonably supported by the evidence." *Johnson v. Elson*, 192 Ariz. 486, 489, ¶ 11 (App. 1998).

**¶9**         Mother argues that the superior court erred in finding there were no changed circumstances warranting a modification. She contends there were "numerous" changed circumstances since the September 2014 order, including: (1) Father's renewed drug use, (2) physical abuse, (3) lack of communication about the children, (4) Father restricting the children's communication with Mother, (5) denial of Mother's parenting time, (6) the children's increasing behavior issues at school, and (7) Mother's changed personal circumstances. The superior court explicitly addressed only one of these allegations: physical abuse. The court's ruling contains no indication that it considered the other alleged changes in circumstances.

**¶10**         A.R.S. § 25-411(J) does not require the court to make express, written findings about changed circumstances. *See Hart v. Hart*, 220 Ariz. 183, 187, ¶¶ 16–17 (App. 2009) (court will not impose requirement for written findings where the statute only requires that the court "'find' certain facts in order to grant the specified relief" but does not require the "findings be reduced to witting or stated on the record"). We will affirm the order if it is supported by reasonable evidence and view the evidence in the light most favorable to upholding that order. *See Vincent v. Nelson,* 238 Ariz. 150, 155, ¶ 17 (App. 2015).

**¶11**         At trial, the parties focused almost exclusively on the second analytical step in the modification inquiry: whether the best interests of the children warranted a change in custody. The court's own questions—some of which raised the possibility of changing to a week-on-week-off arrangement—also focused on part two of the relevant analysis. But the court's post-trial conclusion cut off analysis at part one, finding no change in circumstances occurred. A close look at the record suggests that reasonable evidence does not support the court's conclusion.

**¶12** We see this in two specific areas. First, the 2014 Order explicitly relied on the fact that Father attended Family Drug Court and had "done everything the court has asked of him." In other words, the 2014 Order relied on Father's resolution of his drug issues and compliance with court orders related to his drug use. The current record establishes the opposite: Father was repeatedly non-compliant with the court's orders for drug testing and admitted ongoing use of marijuana up to and at the time of trial.

**¶13** Second, at the time of the 2014 Order, the court found that "the children are adjusted to their school." But the record shows recent, significant school-related issues. Both children had several unexcused tardy reports and at least one suspension from school. M.J. engaged in multiple aggressive behavior incidents, ultimately leading to her expulsion from school.

**¶14** Because the court's order does not discuss these issues, we cannot discern the court's basis for disregarding these changes. While, as noted above, we do not require detailed, written findings about changed circumstances, we cannot reconcile the lack of such findings coupled with a record that does not support the superior court's conclusion of no changed circumstances. We are thus compelled to find the court abused its discretion in concluding there were no changed circumstances. While we decline to find as a matter of law that circumstances changed, we remand the case for the superior court to resolve this discrepancy between the record and its conclusions. The superior court may find it appropriate to hold additional hearings to reach that resolution and to obtain current information on the issues Mother raised in her amended petition to modify.

II. Substance Abuse

**¶15** Under A.R.S. § 25-403.04, courts must presume that it goes against the children's best interests to award sole or joint legal decision-making authority to a parent who has abused drugs or alcohol or has been convicted of a drug offense within the past twelve months. Mother contends the superior court erred in failing to apply this presumption because the evidence shows that Father used marijuana.

**¶16** Because we are remanding for the superior court to reconsider its ruling on changed circumstances, we need not determine the applicability of this statute. On remand, if it concludes that Father's drug use constitutes a changed circumstance, the superior court will consider A.R.S. § 25-403.04 in the normal course of its best interests inquiry.

III.     Attorneys' Fees

**¶17**        Mother requested $26,431.49 in attorneys' fees and costs. The court awarded Mother $2500 because Father had greater financial resources and was unreasonable in failing to drug test as ordered. Mother contends the court abused its discretion by not awarding her a greater amount. We review an award of attorneys' fees for an abuse of discretion. *In re Marriage of Berger,* 140 Ariz. 156, 167 (App. 1983).

**¶18**        Under A.R.S. § 25-324, the superior court can award attorneys' fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." As she did in the superior court, Mother contends that Father took several unreasonable positions besides refusing to drug test. We presume the superior court considered the other allegations of unreasonable conduct and found they did not warrant a greater award of attorneys' fees. Many allegations of unreasonableness stemmed from disputed evidence, such as the alleged child abuse and the reasons for Father's lack of communication. We defer to the weight the superior court gives to conflicting evidence and do not re-weigh evidence on appeal. *Hurd v. Hurd,* 223 Ariz. 48, 52, ¶ 16 (App. 2009). Reasonable evidence supports the award of attorneys' fees, and so we affirm.

**¶19**        Mother requests attorneys' fees and costs on appeal. After considering the parties' financial resources and reasonableness of their positions, we decline to award attorneys' fees to Mother. We award Mother her taxable costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21. *See* A.R.S. § 12-342.

## CONCLUSION

**¶20**        We vacate the superior court's order denying Mother's 2018 amended petition to modify parenting time and legal decision-making. We remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:    AA

6