NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

SHIRLEY JEAN SCHOENHERR, *Petitioner/Appellant*,

*v.*

THOMAS CRAIG CAREY, *Respondent/Appellee*.

No. 1 CA-CV 23-0087 FC
FILED 11-7-2023

Appeal from the Superior Court in Mohave County
No. S8015DO202200559
The Honorable Megan A. McCoy, Judge

**AFFIRMED**

COUNSEL

Law Offices of Heather C. Wellborn P.C., Lake Havasu City
By Heather C. Wellborn, Russell Woemmel, Anita Dale
*Counsel for Petitioner/Appellant*

Thomas Craig Carey, Lake Havasu City
*Respondent/Appellee*

_____

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge James B. Morse Jr., and Judge Cynthia J. Bailey joined.

_____

**F U R U Y A**, Judge:

¶1        Shirley Jean Schoenherr ("Wife") appeals the decree dissolving her marriage to Thomas Craig Carey ("Husband"). Wife challenges the division of the marital residence and the superior court's denial of her request for attorney's fees and costs at trial. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Wife and Husband married in 2007 and have no children in common. Before marriage, the parties secured a mortgage in both their names for a property in Lake Havasu City ("Havasu Home"). Wife and Husband lived in the home during the marriage. But shortly before Wife filed a petition for dissolution in 2022, she moved to Pinetop because Husband obtained an order of protection against her.

¶3        Two months after moving out, Wife moved for temporary orders allowing her to reside in the Havasu Home, arguing worsening health conditions and that the Havasu Home was designed for her infirmities. But Wife later withdrew her motion after Husband demurred.

¶4        The parties agree the Havasu Home is community property but disagree as to its division. At trial in November 2022, Wife testified she wanted to retain the Havasu Home and believed she deserved more than half of its value. This position differed from Wife's petition, which asked that the Havasu Home be ordered sold and the proceeds split. Consistent with all his previous filings, Husband testified he wanted the Havasu Home as his own, he would refinance and pay Wife one-half the value of the home, and he could get an advance on his inheritance to assist in refinancing. Wife did not dispute his testimony, nor express any desire to buy Husband out of his share in the Havasu Home.

¶5        In December 2022, the court entered a decree of dissolution allowing Husband to "purchase Wife's portion of [the] home and refinance the mortgage exclusively in his name." Under the decree, if Husband did

not pay Wife by May 2023, then the parties would equally divide the profit from the sale of the home.

**¶6**        Both parties requested attorney's fees and costs alleging the other party acted unreasonably. Husband claimed Wife acted unreasonably because she shut off the utilities to the Havasu Home after she moved out, had no standing to move for temporary orders, and refused to accept his settlement offer. He testified to the same at trial. Wife's pretrial statement does not include any factual details showing Husband acted unreasonably. Nevertheless, she testified Husband withdrew $30,000 unexpectedly from a joint account while she was in jail and alleged he prevented her from living in a trailer they owned. The court denied both parties' request for attorney's fees and costs, finding the parties had "no substantial financial disparity," acted reasonably, and did not knowingly present any false claims.

**¶7**        Wife timely appealed and we have jurisdiction under Arizona Revised Statues ("A.R.S.") §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### I.        Wife Waived her Arguments Related to the Havasu Home.

**¶8**        "Generally, arguments raised for the first time on appeal are untimely and deemed waived." *Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535 ¶ 18 (App. 2007). Appellants also waive "arguments not supported by adequate explanation, citations to the record, or authority." *In re Aubuchon*, 233 Ariz. 62, 64–65 ¶ 6 (2013); *see also* ARCAP 13(a)(7)(B) (requiring appellant's opening brief contain "references to the record on appeal where the particular issue was raised and ruled on, and the applicable standard of appellate review with citation to supporting legal authority").

**¶9**        Here, Wife argues: (1) the court erred by not giving her the option to buy Husband out of the Havasu Home, and (2) the court should have awarded her reimbursement of the "sole and separate funds she used to purchase" the Havasu Home.

### A.        No Error as to Buyout

**¶10**        Regarding her first argument, Wife cites no authority to support her position that the superior court erred by not awarding her the option of buying out Husband's share of the Havasu Home. This failure

constitutes waiver of the argument. *Aubuchon*, 233 Ariz. at 64–65 ¶ 6. Moreover, it fails on its merits.

**¶11**　　　The superior court must "divide the community [property] equitably, though not necessarily in kind," A.R.S. § 25-318(A), and it has discretion to do so. *Meister v. Meister*, 252 Ariz. 391, 396 ¶ 13 (App. 2021). We review the apportionment of community property between spouses in the "light most favorable to upholding the trial court's ruling and will sustain that ruling if the evidence reasonably supports it." *Kohler v. Kohler*, 211 Ariz. 106, 107 ¶ 2 (App. 2005).

**¶12**　　　Wife contends the court should have given her the buyout option because she owned the home before the marriage and used sole and separate property to buy it. But Wife admits the Havasu Home is community property. Husband consistently requested he retain the home and buyout Wife's share by getting an advance on his inheritance and refinancing. Wife neither disputed Husband's testimony nor alleged she could afford to buy out husband.

**¶13**　　　On this record, the court did not abuse its discretion in allowing Husband to buy out Wife's interest in the Havasu Home.

### B.　　No Error as to Reimbursement

**¶14**　　　Wife argues the superior court should have awarded her reimbursement for "sole and separate funds she used to purchase" the Havasu Home because she did not intend to "gift" those funds to Husband when they bought the home before marriage. But Wife never asked for such reimbursement in her pretrial filings, during trial, or in her motion to alter or amend. The only mention in the record of her alleged contribution of separate funds was in support of her request to be awarded the house—not in a request for reimbursement. Because she raises reimbursement for the first time on appeal, she has waived the argument. *See Odom*, 216 Ariz. at 535 ¶ 18.

**¶15**　　　Waiver aside, Wife cites no authority requiring the court to order reimbursement of separate funds used to purchase real property with Husband. Instead, she cites *Stevenson v. Stevenson*, 132 Ariz. 44 (1982) for the proposition that "when separate funds are placed into a *joint account*, there is no presumption that the owner of the funds intended to gift half of the funds to the other spouse." (Emphasis added.) But *Stevenson* is inapposite because Wife's funds were not placed in a joint account. They were used to purchase *real property* with Husband. In fact, *Stevenson* itself instructs that "when real property is paid for by one spouse and taken

jointly in both spouses' names, a rebuttable presumption arises that the contributing spouse has made a gift of one-half the property to the other spouse." *Stevenson*, 132 Ariz. at 45–46. Thus, this record supports a presumption of a gift from Wife to Husband of the separate funds used to purchase the Havasu Home.

**¶16**        To overcome a presumption of gift, the contributing spouse must present "clear and convincing evidence to the contrary." *Valladee v. Valladee*, 149 Ariz. 304, 307 (App. 1986). "[T]estimony of the hidden intentions of one of the parties" is insufficient to rebut the presumption. *Id.* (citation omitted). Rather, the contributing spouse must show evidence of a "common understanding or an agreement that the character of the property was to be other than joint tenancy." *Id.* (citation omitted).

**¶17**        It was Wife's burden to prove she did not intend to gift Husband a one-half interest in the Havasu Home. *Id.*; *see also Stevenson*, 132 Ariz. at 45–46. But she did not present any evidence of any agreement or understanding between her and Husband showing she did not intend a gift. She merely asserts she did not intend a gift. As a matter of law, this was not enough. On this record, the court did not abuse its discretion by not awarding Wife reimbursement of funds she contributed to purchasing the Havasu Home.

## II.        The Superior Court Did Not Err When It Denied Wife's Request for Attorney's Fees and Costs.

**¶18**        Wife argues the court erred in denying her request for attorney's fees and costs because Husband "acted unreasonably throughout [the] matter." She does not contest the court's finding of "no substantial disparity of financial resources between the parties" or that neither party "knowingly presented a false claim."

**¶19**        "We review a trial court's denial of a party's request for an award of attorney fees for an abuse of discretion." *In re Marriage of Williams*, 219 Ariz. 546, 548 ¶ 8 (App. 2008). We give deference to the court's determinations in that regard, as it is in the best position to assess the arguments of the parties to the action, observe their conduct, and review their financial records. *See MacMillan v. Schwartz*, 226 Ariz. 584, 592 ¶ 38 (App. 2011). An abuse of discretion occurs "when the record is devoid of competent evidence to support the court's decision." *Woyton v. Ward*, 247 Ariz. 529, 531 ¶ 5 (App. 2019) (cleaned up). Under A.R.S. § 25-324(A), the court has discretion to award fees after considering "the financial resources

of both parties and the reasonableness of the positions each party has taken throughout the proceedings."

¶20　　　　Wife argues Husband acted unreasonably because he filed an order of protection which forced her out of the Havasu Home, withdrew $30,000 from a joint account while Wife was in jail, refused to allow her to live in a travel trailer, and refused to disclose the actual location of the trailer. The court considered both parties' allegations at trial and declined to find unreasonableness in either party's conduct or to award fees. We see no cause to disturb that decision. On this record, we do not find the court abused its discretion in denying both parties' requests for attorney's fees and costs.

## CONCLUSION

¶21　　　　We affirm.

¶22　　　　Wife requests her attorney's fees and costs on appeal under ARCAP 21, and A.R.S. §§ 12-342 and 25-324(A). In our discretion, after considering the financial resources and reasonableness of the parties' positions, we deny Wife's request for fees. *See* A.R.S. § 25-324(A).

