NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

NADINE BEAUMONT, *Petitioner/Appellant/Cross-Appellee,*

*v.*

DAVID BEAUMONT, *Respondent/Appellee/Cross-Appellant.*

No. 1 CA-CV 23-0555 FC

FILED 10-24-2024

Appeal from the Superior Court in Mohave County
No. L8015DO201907142
The Honorable Kenneth Gregory, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Silk Law Office, Lake Havasu City
By Melinda Silk
*Counsel for Petitioner/Appellant/Cross-Appellee*

Law Offices of Heather C. Wellborn PC, Lake Havasu City
By Heather C. Wellborn
*Counsel for Respondent/Appellee/Cross-Appellant*

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

**M c M U R D I E**, Judge:

**¶1**        In this second appeal, both parties challenge orders made on remand. Nadine Beaumont ("Wife") appeals the denial of her requests for spousal maintenance and expert witness fees. David Beaumont ("Husband") cross-appeals the finding that stock in a joint trust account is Wife's separate property. We affirm.

### FACTS AND PROCEDURAL BACKGROUND[1]

**¶2**        The parties divorced in 2021. As relevant to this appeal, the community property included real property in Pennsylvania that generated monthly oil and gas lease royalties in varying amounts. Around the time of the original trial, the royalty payments averaged $5,000 monthly. *Beaumont v. Beaumont*, 1 CA-CV 21-0426 FC/1 CA-CV 21-0642 FC (consolidated), 2023 WL 164063, at *1, ¶ 3 (Ariz. App. Jan. 12, 2023) (mem. decision). The divorce decree awarded the Pennsylvania property to the parties as tenants in common and ordered them to share the royalties equally.

**¶3**        Wife inherited stock during the marriage. In the decree, the superior court found it "more likely than not" that Wife gifted a portion of the stock to the community by transferring it into a joint trust account. As a result, Wife was ordered to pay Husband $151,585 for his share of the stock in the joint trust account. In the first appeal, we vacated this ruling because the superior court applied an incorrect legal standard when determining whether the stock was community property. *Id.* at *2, ¶ 13. We also vacated the award of expert witness fees to Wife because the superior court applied an incorrect prevailing party standard. *Id.* at *7, ¶¶ 42-43.

---

[1]        Because the record in this appeal does not include the complete transcript, we take judicial notice of the trial transcripts filed in the first appeal. *In re Sabino R.*, 198 Ariz. 424, 425, ¶ 4 (App. 2000) ("It is proper for a court to take judicial notice of its own records or those of another action tried in the same court."); Ariz. R. Evid. 201(b)(2).

¶4        Under the decree, Wife received $1,000 monthly in spousal maintenance until she turned 65. In the first appeal, we affirmed the conclusion that Wife is eligible for spousal maintenance under Arizona Revised Statutes ("A.R.S.") § 25-319(A)(4). *Id.* at *6, ¶ 40. But we remanded for reconsideration of the amount and duration of the award because Wife's financial circumstances may change depending on how the superior court characterized the stock in the joint trust account. *Id.* at *6, ¶ 41.

¶5        Indeed, on remand, the superior court determined there was no clear and convincing evidence that Wife intended to gift the stock to the community. Thus, the stock, worth $303,170, remained Wife's separate property. The court declined to award spousal maintenance based on the increase in Wife's financial resources, the corresponding decrease in Husband's resources, and a reevaluation of the marital standard of living. The court did not reinstate the expert fee award to Wife, finding that Husband's position was not unreasonable. The court declined to award either party attorney's fees and costs for the first appeal and remand proceedings.

¶6        Both parties appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

### I.    The Record Supports the Stocks' Separate Property Characterization.

¶7        When Wife inherited the stock, it was her separate property. A.R.S. § 25-213(A). Even so, Husband argues that Wife gifted the stock to the community by placing it in a joint trust account. *See In re Marriage of Cupp*, 152 Ariz. 161, 164 (App. 1986) ("Separate property can be transmuted into community property by agreement, gift or commingling."). Wife maintains that she did not intend a gift to the community but deposited some of the inherited stocks in a joint trust account because Husband threatened to abandon the family if she did not put his name on the stocks.

¶8        The law does not presume a gift to the community when one spouse deposits separate funds, or stocks in this case, into a joint account. *Stevenson v. Stevenson*, 132 Ariz. 44, 46 (1982); *Bobrow v. Bobrow*, 241 Ariz. 592, 595, ¶ 10 (App. 2017); *see also O'Hair v. O'Hair*, 109 Ariz. 236, 239-40 (1973). "The burden is on the party claiming the action was a gift to establish the claim by clear and convincing proof." *Bobrow*, 241 Ariz. at 595, ¶ 10 (citing *O'Hair*, 109 Ariz. at 239); *see also Stevenson*, 132 Ariz. at 46.

¶9          Husband's reliance on the inference of a gift language in *Grant v. Grant*, 119 Ariz. 470, 472 (App. 1978), is misplaced. The supreme court later clarified in *Stevenson*, 132 Ariz. at 46, that the legislature rejected the gift presumption when it adopted § 14-6103(A), now § 14-6211. Wife's transfer to a joint account may be viewed as some evidence of a gift, but it is not conclusive. Thus, the superior court had to determine whether Husband's evidence showed Wife's donative intent by clear and convincing evidence. *Id.* This determination is "a question of fact, which we review under a clearly erroneous standard." *Bobrow*, 241 Ariz. at 595, ¶ 11.

¶10          Husband argued that if Wife acted under duress as she claimed, she would have transferred all the stock to the joint account. The superior court found this argument had some merit but was speculative and did not rise to the level of clear and convincing evidence. As more evidence of Wife's donative intent, Husband argued that Wife gifted the stocks to the community to convert all property to community property, including Husband's transfer of his separate Pennsylvania property and royalty payments. The superior court found this was not clear and convincing evidence of a gift because Husband's transfer occurred many years earlier, and no corroborating evidence, such as communication between the parties or by Wife, supported this theory.

¶11          The superior court found that placing the funds in a joint account met the preponderance of evidence standard. Still, no other evidence showed that Wife intended to gift the stock to the community. Thus, Husband did not meet his burden of showing clear and convincing evidence of a donative intent. The court's decision required it to weigh the parties' conflicting testimony and judge credibility. We defer to the superior court's determination and do not reevaluate the evidence. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347-48, ¶ 13 (App. 1998). Given the lack of objective evidence of Wife's intent, we cannot say the court's decision was clearly erroneous.

## II.    The Superior Court Did Not Abuse Its Discretion by Denying Spousal Maintenance to Wife.

¶12          Wife challenges the superior court's denial of spousal maintenance on remand. We review a spousal maintenance ruling for an abuse of discretion. *Gutierrez*, 193 Ariz. at 348, ¶ 14.

¶13          In the decree, the superior court found the parties had a high standard of living. The court also found that Wife was in poor health and had not worked outside the home in over eleven years, and reentering the

workforce at her age and with her health conditions would be difficult and unlikely. *See* A.R.S. § 25-319(B)(1), (3), (10). As for the parties' financial circumstances, the court found they had relatively equal, significant financial assets. Still, Wife would likely have to spend her assets to maintain the marital standard of living. *See* A.R.S. § 25-319(B)(5), (9). By contrast, Husband can keep working and need not rely on the other assets for his living expenses. *See* A.R.S. § 25-319(B)(4), (5). The court also found the 17-year marriage to be of medium duration and that Wife did not contribute to Husband's earning ability. *See* A.R.S. § 25-319(B)(2), (6). The court noted that Husband's financial position was "a moving target" because of his accounting methods. *See* A.R.S. § 25-319(B)(4), (5). Finally, Wife's cost of health insurance was high. *See* A.R.S. § 25-319(B)(12).

¶14        After considering the parties' supplemental briefs on remand, the superior court accepted Husband's argument that the record did not show a high marital standard of living, citing the parties' modest vehicles, need for home repairs, and the lack of extravagances in daily life or regular vacations. *See* A.R.S. § 25-319(B)(1). The court also found that the parties' financial resources changed because Wife had another $150,000 worth of stocks, and Husband's resources decreased correspondingly. *See* A.R.S. § 25-319(B)(4), (5), (9). The court held that "this case was already a close call in terms of awarding maintenance to [Wife]." Finally, the court considered Husband's argument that applying the new Spousal Maintenance Guidelines ("Guidelines") would lead to a $79 award. *See* Ariz. Sup. Ct., *Arizona Spousal Maintenance Guidelines* (2023), https://azcourts.gov/familylaw/Child-Support-Family-Law-Information/Spousal-Maintenance-Guidelines.

¶15        Wife argues that the superior court abused its discretion by finding that the parties had comparable resources. First, she argues that if Husband's finances were "a moving target," an accurate comparison was impossible. Wife also disputes her royalty income. Essentially, Wife asks this court to reweigh these competing factors. We decline to do so.

¶16        Wife contends that receiving 100% of the stocks did not improve her financial position relative to Husband. She argues that Husband can continue to work, but she must dip into her assets to meet her needs. Wife's contention is based on a faulty premise. Although the stocks are not now income-producing, Wife can transform them into income-producing assets. *See Deatherage v. Deatherage*, 140 Ariz. 317, 320 (App. 1984) (Property for spousal maintenance purposes includes "property presently producing income as well as property capable of producing income or otherwise transformed in order to provide for the

reasonable needs of the spouse."). Wife presented no evidence showing that she cannot sell the stocks and place the proceeds in an interest-bearing account. The spousal maintenance ruling does not require Wife to use the stocks to support herself. *Id.* at 320-21. The court correctly considered the income-producing potential of this sizeable asset. *Id.* Moreover, the amount of separate property restored to Wife far exceeded the total spousal maintenance previously awarded. Thus, the record supports the finding that Wife's financial position significantly improved and no longer supported the spousal maintenance award.

**¶17**         Finally, Wife argues the superior court's reference to the Guidelines was legal error. The court based its decision on reallocating the stock and reconsidering the couple's standard of living. After making this finding, the court also noted that applying the Guidelines would lead to a minimal award, which further supported its decision. The court did not apply the Guidelines, and referring to them for comparison was not error.

**¶18**         The superior court reconsidered all evidence bearing on the spousal maintenance factors on remand. We find no abuse of discretion and affirm the denial of spousal maintenance.

### III.         The Superior Court Did Not Abuse Its Discretion by Denying an Award of Expert Fees to Wife.

**¶19**         In the first appeal, this court vacated the award of expert witness fees to Wife because the superior court relied on an erroneous prevailing party standard. *Beaumont*, 1 CA-CV 21-0426 FC/1 CA-CV 21-0642 FC, at *7, ¶¶ 42-43. We stated, "[o]n remand, the superior court may reinstate the fee award if it determines that Husband's position was unreasonable independent of [his] decision not to obtain an independent and certified business appraisal." *Id.* at *7, ¶ 43. On remand, the superior court did not find Husband's position unreasonable and declined to reinstate the award. We review this ruling for an abuse of discretion. *Breitbart-Napp v. Napp*, 216 Ariz. 74, 83, ¶ 35 (App. 2007).

**¶20**         Wife argues the superior court abused its discretion in two ways. First, she contends that Husband should be sanctioned for misleading the court about his expert's valuation, which was essentially a critique of Wife's expert's valuation. But the mandate required the superior court to consider Husband's reasonableness *independent* of this issue. *Beaumont*, 1 CA-CV 21-0426 FC/1 CA-CV 21-0642 FC, at *7, ¶ 43. According to Wife, the decree stated that Husband's position on the business valuation was unreasonable. But the entire finding stated that "[Husband's] position

on the business valuation was unreasonable and not supported by an independent and certified business appraisal." On remand, the court, which heard the arguments at trial, reviewed the basis for its finding and concluded that Husband's unreasonableness related to the lack of an independent business valuation and that Husband's position was not otherwise unreasonable. Viewing this finding in the light most favorable to upholding the judgment, we cannot say it is clearly erroneous. *See McMurray v. Dream Catcher USA, Inc.*, 220 Ariz. 71, 74, ¶ 6 (App. 2009) ("In reviewing a trial court's decision to deny attorney fees, we view the record in the light most favorable to sustaining that decision and will uphold the court's findings unless they are clearly erroneous.").

**¶21**        Second, Wife argues the superior court disregarded that Husband acted unreasonably when he used community funds to pay his expert because Wife paid her expert between $8,000 and $9,000 from her separate funds. Husband did not respond to this argument on appeal. Still, we find no abuse of discretion because the decree awarded Wife a $10,000 equalization payment to offset the "personal bank accounts" and Husband's "post-service spending." Viewing the record in the light most favorable to affirming the ruling, *id.*, we find the equalization payment could account for Husband's use of community funds for his expert witness. *See also Beaumont*, 1 CA-CV 21-0426 FC/1 CA-CV 21-0642 FC, at *6, ¶ 36 (affirming the $10,000 equalization payment). As a result, on this record, we cannot say the court ignored the sources of the funds used to pay the expert witnesses.

## IV.    The Superior Court Did Not Abuse Its Discretion by Denying Attorney's Fees on Remand and the First Appeal.

**¶22**        Both parties appeal the denial of attorney's fees for the remand proceedings and the first appeal. We review the ruling for an abuse of discretion. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 286, ¶ 29 (App. 2019).

**¶23**        Wife contends there is a disparity in the parties' financial resources because Husband continues to work and earn an income while she must rely on the assets awarded to her. Wife also contends that Husband has taken unreasonable positions. On the other hand, Husband argues that Wife has been unreasonable, selfish, and failed to cite the record in her filings.

**¶24**        We agree with the superior court that neither party's positions were unreasonable, nor was a fee award warranted. Zealous litigation does not necessarily equate with unreasonableness. Neither party

has directed us to anything specific in the record showing the court abused its discretion by denying attorney's fees on remand and the first appeal.

## ATTORNEY'S FEES AND COSTS ON APPEAL

**¶25**　　　In exercising our discretion, after considering the reasonableness of the parties' positions and financial resources, we decline to award attorney's fees on appeal. *See* A.R.S. § 25-324. Neither party can be viewed as prevailing, and we decline to award costs. *See Murphy Farrell Dev., LLLP v. Sourant*, 229 Ariz. 124, 134-35, ¶ 38 (App. 2012) (as amended) ("Applying the 'totality of the litigation test,' we conclude neither party is the 'successful party' on appeal entitled to taxable costs as both were successful and unsuccessful in equal measure."); A.R.S. § 12–342.

## CONCLUSION

**¶26**　　　We affirm.



AMY M. WOOD • Clerk of the Court
FILED:　　AGFV